## MICHAEL SULLIVAN *vs.* INDIA MANUFACTURING CO.

Neglect to fence the ordinary machinery of the employment will not of itself make a master liable to a servant for a hurt preventable by such precaution.

Neglect by a master to give a child employed on machinery other instruction as to its use than an injunction to "do as the other boy" did, will not of itself make him liable for the child's hurt caused by the machinery.

If a child employed upon machinery has gained from any source the knowledge how to use it, the master's personal neglect to give instruction will not make him liable for the child's hurt caused by the machinery.

TORT for an injury from the gearing of a machine in the defendant's mill, whereby the plaintiff's arm was crushed.

At the trial in this court, before *Wells*, J., it appeared that the plaintiff, at the time of the injury, was about fourteen years of age, and was employed to supply certain drawing machines with filled cans, and to remove the cans when empty. The two machines which it was his duty to attend stood parallel the one to the other, with a narrow space between them. The gearing (or wheels with cogs) was upon the side of the machine next to this narrow space. Upon the other side of the machine causing the injury was a wider space leading in the direction of the place from and to which the cans were to be brought and removed. Whether the plaintiff was instructed to pass by the way of this wider space, was in dispute. The overseer of the room testified that he was so instructed. This the plaintiff denied, and testified that he received no instruction or caution, except to do as he saw another boy do who had preceded him in the same work, and that the other boy went through the narrow space. The overseer denied that he gave any such direction, and denied that the other boy or any one, unless without his knowledge and contrary to his instructions, ever used the narrow passage in doing this work.

In attempting to pass through the narrow passage between the machines with two filled cans, pushing one before and dragging one after him, the plaintiff's sleeve was caught in the cogs, and his arm drawn in and so crushed that amputation was necessary.

The plaintiff had previously been employed for several months in the Naumkeag Cotton Mills, where his work was about the

Sullivan *v.* India Manufacturing Company.

machinery, though he had no management of it, otherwise than in cleaning it when stopped. He had been at work for the defendant three or four weeks when injured. When first employed he was set to assist at similar machines, in another part of the same room. The "second hand" for that part of the room testified that he pointed out the gearing upon those machines corresponding to that in which he was afterwards injured, and cautioned him in regard to them. The "second hand" for the part of the room where he was injured was not a witness.

The plaintiff contended that the defendant was guilty of negligence in not guarding the gearings by some covering, or by other means, to protect persons from the exposure. But the court ruled that the defendant was not bound to cover or fence the machinery, and could not be made liable for the injury merely from neglect to do so. That if liable at all, it was because the boy was manifestly so incapable of understanding the nature and extent of the danger as to be unable to perform his work there safely without instructions or cautions that were not given him.

There was no evidence of anything uncommon in the machine making it peculiarly dangerous; the danger arose from the rapid revolution of cogs in a bevelled gear facing the narrow space or passage between the two machines. The plaintiff offered to show that the defendant protected the machinery in other rooms of the mill, and also that the machine upon which the plaintiff was hurt had been protected after that time. But the court ruled that such evidence would be immaterial and incompetent.

The plaintiff contended that any cautions given by the overseer would not avail to protect the defendant. But the court ruled that if the plaintiff had such instruction, caution, information or knowledge as would enable him, with a reasonable exercise of care on his part, to do his work with safety to himself, the defendant was not liable, and that it made no difference whether he derived it from the defendant's officers, from a second hand in another part of the room, from a stranger, or from his own perceptions and intelligence.

The plaintiff requested the following rulings:

" 1. That if no instruction was given the plaintiff as to the route in going to or from the machine at which he was injured, except 'to do as the other boy before him did,' and he did so, and was injured, there was negligence on the part of the defendant.

" 2. That the duty of cautioning a boy of the plaintiff's age, and giving him full notice of the risks attending the work, is a responsibility from which the company cannot free itself by delegating it to a foreman or to a second hand.

" 3. That the failure of the company to guard its machinery where the plaintiff was injured (it being guarded in the other rooms) was evidence from which the jury might find negligence on the part of the defendant."

These instructions the court declined to give. The verdict was for the defendant, and the case was reported for revision by the full court. If any of the rulings or refusals to rule were wrong and material to the issue, a new trial was to be had; otherwise judgment was to be entered on the verdict.

*D. Roberts*, for the plaintiff.

*J. A. Gillis*, for the defendant.

DEVENS, J. The instructions as given were substantially those considered in *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, which were given at the second trial of that case. As the plaintiff there obtained a verdict, the inquiry there was, whether they were sufficiently favorable to the defendant; but, as between the plaintiff and the defendant, we believe that they carefully guard the rights of each.

Though it is a part of the implied contract between master and servant, (where there is only an implied contract,) that the master shall provide suitable instruments for the servant with which to do his work, and a suitable place where, when exercising due care himself, he may perform it with safety, or subject only to such hazards as are necessarily incident to the business, yet it is in the power of the servant to dispense with this obligation. When he assents therefore to occupy the place prepared for him, and incur the dangers to which he will be ex

posed thereby, having sufficient intelligence and knowledge to enable him to comprehend them, it is not a question whether such place might, with reasonable care, and by a reasonable expense, have been made safe. His assent has dispensed with the performance on the part of the master of the duty to make it so. Having consented to serve in the way and manner in which the business was being conducted, he has no proper ground of complaint, even if reasonable precautions have been neglected.

In the present case, the evidence of the plaintiff was that he went to work in the place pointed out by the defendants. He thus consented to the dangers attending the work, all of which were apparent; and, if he had sufficient knowledge and capacity to comprehend them, he cannot now complain that such place might at moderate expense have been made safer. The defendants were therefore properly entitled to the ruling that they were not bound in law to cover or fence the machinery, and could not be made liable merely for neglect so to do. The only ground upon which they could be held responsible was because they had been guilty of some negligence, thus failing in their duty to the plaintiff. The burden of proving this was upon him. Merely omitting to inclose the machinery could not be considered as such failure, the plaintiff having consented to work in the position in which he was exposed to the machinery in this condition. It was for him, therefore, to show some different or additional reason for holding them liable.

It may frequently happen that the dangers of a particular position for, or mode of doing work, are great, and apparent to persons of capacity and knowledge of the subject, and yet a party from youth, inexperience, ignorance, or general want of capacity may fail to appreciate them. It would be a breach of duty on the part of a master to expose a servant of this character, even with his own consent, to such dangers, unless with instructions or cautions sufficient to enable him to comprehend them, and to do his work safely, with proper care on his own part. It was therefore competent for the plaintiff to show that there had been such a breach of duty on the part of the defendants, and although he had in fact gone to work in the place pointed out, assenting

so to do, yet that he was incapable of appreciating the dangers to which he exposed himself, or of doing the work safely without instructions or cautions which he did not receive.

The instructions given were in accordance with these views, and those requested could not have been given. The ruling requested, " that if no instruction was given the plaintiff as to the route in going to or from the machine at which he was injured except to do as the other boy before him did, and he did so and was injured, there was negligence on the part of the defendant," was erroneous, for it might have been that, although thus injured, he was injured by no negligence on the part of the defendants, but by negligence on his own part. The second instruction requested would have created the erroneous impression that, even if the plaintiff had full instructions, it would have been of no avail, if they proceeded from the defendants' foreman or second hand. The defendants, it is true, cannot escape the responsibility, if there was one upon them, of notifying the plaintiff of the risks of the work by merely delegating it to one of their servants ; but if the duty thus delegated was performed, the plaintiff had all the notice requisite for his safety. The third instruction requested has already been considered. The mere failure of the defendants to guard their machinery was not a ground upon which the plaintiff could recover, and the fact that it was guarded in other rooms was immaterial. *Exceptions overruled.*