Williams, J.
The only questions presented in this case, :are those arising upon the special instructions given by the ■court in response to the request of the jury. These instructions, the plaintiff in error contends, are erroneous in their entirety, and in detail.
1. First, it is claimed that the court erred in the statement of the plaintiff’s duty, in the opening proposition of the charge, wherein the jury were instructed that “it was the duty of the plaintiff to use ordinary care,” which the court defined to be, “just such care as boys of that age, of ordinary care and prudence, would use under like circumstances,” and that the jury “should take into consideration the age of the plaintiff, and the judgment and knowledge he possessed.” We have found no decision of this court upon the subject of the contributory negligence of infants, or the measure of ■care required of them. Elsewhere the decisions are conflicting. Each of three different rules on the subject, has found judicial sanction. One rule requires of children, the .same standard of care, judgment and discretion, in anticipating and avoiding injury, as adults are bound to exercise. Another wholly exempts small children from the doctrine of contributory negligence. Between these extremes, a third, and more reasonable rule, has grown into favor, and is now supported by the great weight of authority, which is, that a child is held to no greater care, than is usually possessed by children ■of the same age. Authors and judges, however, do not al *289 ways employ the same language in giving expression to the rule. In Beach on Contributory Negligence, sec. 46, it is thus expressed: . “An infant plaintiff, who, on the one hand, is not so young as to escape entirely all legal accountability, and on the other hand, is not so mature as to be held to the responsibility of an adult, is, of course, in cases involving the question of negligence, to be held responsible for ordinary care, and ordinary care must mean, in this connection, that degree of care and prudence which may reasonably be expected of a child.” The decisions enforcing this rule, that children are to be held responsible only for such degree of care and prudence as may reasonably be expected of them, taking due account of their age and the particular circum•stances, are very numerous. “ It is well settled,” says Mr. Justice Hunt in Railroad Company v. Stout, 17 Wal. 657, “ that the conduct of an infant of tender years is not to be j udged by the same rule which governs that of an adult. * * * The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case, by the circumstances of that case.” In Sherman & Redfield on Negligence, sec. 73, it is said to be “ now settled by the overwhelming weight of authority that a child is held, as far as he is personally concerned, only to the exercise of such care and discretion, as is reasonably to be expected from children of his own age.” Another author says, “a child is only bound to exercise such a degree of care as children of his particular age may be presumed capable of exercising.” Whittaker’s Smith on Neg. 411.
This rule appears to rest upon sound reason as well as authority. To constitute contributory negligence in any case, there must be a want of ordinary care, and a proximate connection between such want of care and the injury complained ■of; and ordinary care, is that degree of care, which persons of ordinary care and prudence, are accustomed to use under similar circumstances. Children constitute a class of persons of less discretion and judgment than adults, of which all reasonably informed men are aware. Hence ordinarily prudent men, *290 reasonably expect that children will exercise only the care and. prudence of children, and no greater degree of care should be required of them than is usual under the circumstances, among careful and prudent persons of the class to which they belong. We think it a sound rule, therefore, that in the application of the doctrine of contributory negligence to children, in actions by them or in their behalf for injuries occasioned by the negligence of others, their conduct should not be judged by the same rule which governs that of adults, and, while it is their duty to exercise ordinary care to avoid the injuries of which they complain, ordinary care for them, is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise, under similar circumstances.
That portion of the charge of the court under discussion, is in substantial conformity to this conclusion. The care and prudence which a boy of the plaintiff’s age of ordinary care and prudence “would use under like and similar circumstances," as expressed in the charge, is such care as “is reasonably to be expected from a boy of his age," or “ which boys of his age usually exercise,” as the books express it. No different effect is given to the charge, of which the plaintiff in error can complain, by the direction to the jury, to take into consideration, the age of the boy “and the judgment and knowledge he possessed." This did not diminish the degree of care x-equired by the previous portion of the instruction.
2. It is next insisted, that the court erred in charging the jury, that it was the duty of the defendant’s foreman to instruct •the plaintiff in regard to the dangers of his employment. The paragraph of the charge is as follows:
“ If not understanding all the dangers and hazards of the situation in which he was placed by the foreman, and you find it was a dangerous and hazardous situation in which to place a boy of his age, judgment and experience, it was the duty of the foreman to instruct him in respect thereto, that he might conduct himself so as to guard against such peril.”
This portion of the charge was pertinent to the case. The answer admits that the plaintiff, at the time of his injury, was employed by the defendant in the rolling mill, and placed un *291 der $he control of its foreman, who directed him to attend to the turning on and off of the steam at the steam engine; to do which, he had to stand near a shaft of the engine, which revolved when the engine was in motion, and reach up to turn the stop-valve, which was necessary to put the machinery in motion, or stop it. It further admits, that, at the time the injury occurred, a belt was hanging loose upon the shaft, and that the plaintiff’s leg was crushed by the shaft. It was shown by the evidence, that the plaintiff was less than fourteen years of age, and had been engaged at that employment, but a few days; and that he was placed there by the foreman in the midst of rapidly moving and noisy machinery; that his employment required his constant attention to regulate the speed of the. machinery, and that the belt, which hung suspended on the shaft near him, was given such motion by the shaft, that it would come near him and in close proximity to his face; and while the machinery was in motion, the plaintiff’s foot in some way became entangled in the hanging belt, by which means the injury was produced. There was also evidence tending to prove the other allegations of the plaintiff’s petition. The defendant’s foreman, who placed the plaintiff in the position where he received his injury, must have known of the loose hanging belt on the shaft, which could easily have been removed in a few moments and without expense. It is evident that he knew the situation in which he placed the plaintiff, was one of danger, which he might, with a small amount of trouble on his part, have pointed out and explained to the plaintiff.
The almost universally accepted doctrine is, that the care to be observed to avoid injuries to children, is greater than that in respect to adults. That course of conduct, which would be oi’dinary care when applied to persons of mature judgment and discretion, might be gross, and even criminal negligence, toward children of tender years. The same discernment and foresight, in discovering defects and dangers, can not' be reasonably expected of them, that older and experienced persons habitually employ; and therefore the *292 greater precaution should be taken, where children are exposed to them.
Judge Cooley in his work on Torts, (p. 652), says on this subject: •
“ The master may also be guilty of actionable negligence in exposing persons to perils in his service which, though open to observation, they, by reason of their youth or inexperience, do not fully understand and appreciate, and in consequence of which they are injured. Such cases occur most frequently in the employment of infants. It has been repeatedly held that the case of an infant is no exception to the general rule which exempts the master from responsibility for injuries arising from the hazards of his service. But while this is unquestionably true as a rule, it would be gross injustice, not to say absurdity, to apply in the case of infants the same tests of the master’s culpable negligence which are applied in the case of persons of maturity and experience. It may be ordinary caution in one case ■ to apprise the servant - of the danger he must guard against, while in the case of another, not yet beyond the years of thoughtless childhood, it would be gross and most culpable, if not criminal, carelessness for the master to content himself witli pointing out dangers which were not likely to be appreciated, or if appreciated, not likely to be kept with sufficient distinctness and caution in mind, and against which, therefore, effectual protections ought to be provided. The duty of the employer to take special precautions in such cases, has sometimes been very emphatically asserted by the courts.”
The law “ puts upon a master, when he takes an infant into his service, the duty of explaining to him fully the hazards and dangers connected with the business, and of instructing him how to avoid them. Nor is this all; the master will not have discharged his duty in this regard unless the instructions and precautions given are so graduated to the youth, ignorance, and inexperience of the servant as to make him fully aware of the danger to him, and to place him, with reference to it, in substantially the same situation as if he were an adult. If the master, or his vice-principal, orders the infant servant to perform a duty in a manner attended with peculiar hazard, and *293 the servant is injured while so doing, the liability of the master is not an open question.” Thompson on Neg. 978.
In Sullivan v. India Manufacturing Co., 113 Mass. 396, it is said that, “It may frequently happen that the dangers of a particular position for, or mode of doing work, are great, and apparent to persons of capacity and knowledge of the subject, and yet a party from youth, inexperience, ignorance, or general want of capacity may fail to appreciate them. It would be a breach of duty on the part of a master to expose a servant of this character, even with his own consent, to such dangers, unless with instructions or cautions sufficient to enable him to comprehend them, and to do his work safely, with proper care on his own part.”
It is distinctly held in Whitelaw v. Railroad Company, 16 Tenn. 391, that it is the duty of the master, to give such warning, advice and “instructions to a youthful and inexperienced employe as would enable him, with the exercise of ordinary care, to perform the duties of his employment with safety to himself.” See also, Jones v. Florence Mining Co., 66 Wis. 268.
It may be safely laid down as a general rule, supported by authority, that persons, who employ children to work with, or about dangerous machinery, or in dangerous places, should anticipate that they will exercise only such judgment, discretion and care, as is usual among children of the same age, under similar circumstances, and are bound to use due care, having regard to their age and inexperience, to protect them from the dangers incident to the situation in which they are placed; and as a reasonable precaution, in the exercise of such care in that behalf, it is the duty of the employer, to so instruct such employes, concerning the dangers connected with their employment, which, from their youth and inexperience they may not appreciate or comprehend, that they may, by the exercise of such care as ought reasonably to be expected of them, guard against and avoid injuries arising therefrom.
3. It is finally urged that there was error in that portion of the charge, by which the jury were instructed that if the plaintiff was injured in consequence of the defendant’s negligence, and he, “ by reason of his youth, and want of judg *294 ment as to the perils of his position, did some act in the discharge of his duty as he understood it, which also contributed to his injury, but which he did not know to be likely to injure him, and he had not been properly advised and instructed in regard thereto,” he could recover.
It is first insisted, that the court, having informed the jury in what event the plaintiff was entitled to recover, they should also have been instructed under what circumstances the defendant would be entitled to the verdict. But since the attention of the court does not appear to have been called to this oversight, if it be one, and no request was made by counsel for such instruction, if the charge given is otherwise unobjectionable, the mere omission to give the further instruction referred to, is not sufficient ground for reversing the judgment.
This proposition of the charge is sustained by the authorities already cited, and is clearly within the doctrine of Coombs v. New Bedford Cordage Company, 102 Mass. 572.
“ The question in such cases,” says the Supreme Court of Massachusetts, “is not of due care’on the part of the plaintiff, but whether the cause of the injury was one of which he knowingly assumed the risk, or one of which, by reason of his incapacity to understand and appreciate its dangerous character, or the neglect of the defendants to take due precautions to effectually inform him thereof, the defendants were bound to indemnify him against the consequences.”
But, if it be a question of due care on the part of the plaintiff, the conclusion must be the same ; for a plaintiff’s right to recover, is not affected by his having contributed to the injury, if he was without fault in doing so. When it is shown that the defendant has been negligent, and his negligence has caused the plaintiff’s injury, the latter is entitled to recover, unless it appear that he has been negligent in respect to the matter complained of, and might have avoided the consequences of the defendant’s negligence. His conduct, contributing to his injury, must, to defeat his action, amount to at least ordinary negligence, that is, want of ordinary care. Hence, notwithstanding the plaintiff below may have ignor *295 antly contributed to the injury he sustained, if he was not guilty of negligence in so doing, he might, nevertheless, maintain his action. It is not apparent how, in the case stated in the instruction to the jury, the plaintiff could be in fault, unless his extreme youth and inexperience be a fault. Ignorance may be a misfortune, but when it is not willful, and no duty arises to be informed, with the means of information at hand, it is not negligence of which the person charged with the duty of giving proper instructions on the subject, which he failed to perform, can complain or take advantage.
The instruction negatives any inference of negligence; for according to it, to enable the plaintiff to recover, it was necessary for the jury to find, that he did not know that the act which he did, that contributed to his injury, was likely to injure him, and that this want of knowledge was owing to his age and lack of judgment, and the failure of the defendant to properly instruct him; and that the act so done by him, was in the discharge of his duty as he understood it. If, as al-» ready seen, it is 'the duty of persons employing children in dangerous situations, to properly instruct them concerning the dangers, which on account of their youth and inexperience they may not understand, it would seem to follow, as a necessary conclusion, that such employe, who has not been so instructed, and who, while in the discharge of his duty as he understands it, suffers an injury in consequence of the employer’s negligence, may maintain an action against his employer therefor, notwithstanding that, by reason of his youth and inexperience, and the failure of the employer to properly instruct him, he did some act, in the performance of his duty according to the judgment and knowledge he possessed, which contributed to the injury, but which he did not know, and was not advised would be likely to injure him.
When the whole instruction is taken together, wherein the jury were at the outset advised, that it was the duty of the plaintiff to use ordinary care, it is obvious they could not well have been misled.

Judgment affirmed.