FRANK THALL, an Infant, by JOHN H. SNYDER, his Guardian *ad litem*, Respondent, *v.* JOHN A. CARNIE, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 18, 1889.

1. *Master and Servant. Instruction.*—It is the duty of a master to instruct an inexperienced servant especially if of tender years and presumed ignorance, where he puts him in a place of latent or obscure danger, how to do the work, and at the same time be on his guard against the danger.

See Note 3 at the end of this case.

2. *Same. Fellow-Servant.*—Though the servant is injured while acting under the orders, and through the negligence, of a fellow-servant, if the instructions, which the law requires the master to give in such circumstances, will suffice to put the servant on his guard against the negligent orders of his fellow-servant, and thereby prevent the accident, a recovery may be had for the negligence of the master.

Appeal from a judgment of the circuit in favor of plaintiff.

*Beltz & Large*, for appellant.

*I. S. Catlin*, for respondent.

PRATT, J.—The circuit judge correctly charged the jury that when a master engages an inexperienced servant, especially if of tender years and presumed ignorance, and places him in a place of latent or obscure danger, it is the duty of the master to instruct the servant how to do the work, and at the same time be on his guard against the danger.

Tested by that rule, the motions for non-suit and for dismissal of the complaint were properly denied.

The master did not claim that he had personally given the instructions the rule required. And the jury might well find that such instructions as were testified to did not meet the exigencies of the danger.

26

The jury may well have thought that telling a lad to be careful, was not adequate instruction. Great stress is laid by appellant upon the fact that the lad was injured while acting under the orders of Ward, a fellow servant, for whose negligence the employee cannot be held responsible. But the recovery did not proceed upon the ground of Ward's negligence. The jury were carefully instructed that for such negligence no recovery could be had. They were also instructed that if the instructions which the law required from an employer in such circumstances would have sufficed to put the lad on his guard against the negligent orders of Ward, and would have thereby prevented the accident, a recovery might be had for the negligence of the employer. In this there was no error.

Judgment affirmed, with costs.

All concur.

NOTE ON THE DUTY OF THE MASTER TO INSTRUCT HIS SERVANT IN REGARD TO THE DUTIES AND DANGERS OF THE EMPLOYMENT.

There is no doubt that in putting a person of immature years at work upon machinery which in some aspects may be termed dangerous, an employer is bound to give the employee such instructions as will cause him to fully understand and appreciate the difficulties and dangers of his position, and the necessity there is for the exercise of care and caution; and merely going through the form of giving instructions, even though such form included everything requisite to a proper discharge of his duties by such employee if understood, would not be sufficient. Hickey *v.* Taafe, 105 N. Y. 26. In placing a person of this description at work upon dangerous machinery, such person must understand, in fact, its dangerous character, and be able to appreciate such dangers and the consequences of a want of care, before the master will have discharged his whole duty to such an employee. Id. Finnerty *v.* Prentice, 75 N. Y. 615; Sullivan *v.* India Mfg. Co., 113 Mass. 396, 399. And if the employee is so young that, even after full instructions, he wholly fails to understand them and does not appreciate the dangers arising from a want of care, he is too young for such an employment, and the employer puts or keeps him at such work at his own risk. Id. But where the employee, without any instructions from the employer or his agents, has acquired the informa-

Note on the Duty of the Master to Instruct his Servant.

tion as to the dangers of the employment, in fact, from practical experience, and knows all that the instructions of the employer would have imparted, and is of an age to realize and has full knowledge of the danger, and at the same time is competent to perform the duty required of him, he assumes the risks which are patent and incident to the employment, and the fact that he is a minor does not alter the general rule of law upon this subject. Id.

In Goden v. Reynolds' Card Mfg. Co., 47 Hun, 278, the employee was, at the time the injury was received, of the age of eighteen years, and capable of understanding, from the observations which would naturally be made by him during the time of his previous service, the risks and dangers of the employment, and it was held that he was not of such immature age as to render the employer liable for omitting to explain to him the risks incident to his employment.

So, in Bohn v. Havemeyer, 46 Hun, 557, upon the trial of an action brought to recover damages for injuries caused by being carried down a shaft in the bin of a sugar refinery establishment, no proof was given of any defect or insufficiency in the building, or in any of the appliances devoted to the business, but the claim was made that the employers were guilty in failing to admonish the plaintiff of the danger he encountered when he went into the bin with the foreman to facilitate the down-flow of the sugar, and to enjoin upon him cautionary conduct while engaged in the performance of that duty, and it was held that the action could not be maintained for the reason that the danger was apparent to the plaintiff and within his full knowledge and comprehension, and that, in continuing to discharge his duties, he acted at his own risk, and assumed the perils of his situation.

Where a master engages the services of an infant in a dangerous occupation, or when the services performed is safe in itself, but the surroundings are dangerous, an active, affirmative duty rests upon him to give the infant such instructions as will enable him to understand and appreciate the danger by which he is surrounded. Such instruction is to be measured by the danger to be apprehended, and the capacity of the infant. Flynn v. Erie Preserving Co., Supr. Ct. Buff., November 10, 1887; Thurber v. H. B. M. & F. R. R. Co., 60 N. Y. 326; Coombs v. New Bedford Cordage Co., 102 Mass. 572; Hill v. Gust, 55 Id. 45.

A master is bound to advise the servant of any risks to which he is subject by the working of a dangerous machine. In respect to inexperienced children, the duty would go so far as to warn the servant of risks which the intelligence of the child would prevent his comprehending or fully understanding without the instruction. A person of mature years in such case assumes the risks, and so does a minor who is fully instructed or fully understands the dangers of the employment. Buckley v. Gutta Percha Mfg. Co., 41 Hun, 450. In this case,

defendant's manager, without instruction, requested plaintiff, who was between twelve and thirteen years of age, to stand at a calendar in a rubber factory and to load on the shell. The empty shell was heavy for a boy, but he did get it in its place, and in trying to fasten the seam, his hand slipped and got in the cog-wheels. It was his first experiment at this work, he had never seen it done over two or three times before, and the accident happened within twenty minutes after he was set at loading the shell. It was found that the boy was ignorant of the dangers, was not instructed in respect thereto, and was injured by the neglect of the master.

In Murphy *v.* Mairs, 42 Hun, 657, it was held that an employer is bound to instruct his servants as to all risks and dangers which are or ought to be known to him, and which he, as a prudent man, having due regard for the age and experience of each, would not be justified in assuming were sufficiently obvious to them. In this case, the work at which the boy was employed was perfectly safe, and he had been properly instructed how to perform it, and had safely done so for the space of about three weeks prior to the injury, which was the result of pure accident. The master was held not to be liable for the reason that no instruction could have made the danger more obvious, or have provided against such an unforeseen occurrence.

In Foy *v.* Buchanan, 42 Hun, 657, the plaintiff was injured while cleaning the machinery in motion. It was shown that during the many months the plaintiff had worked in defendant's factory, notices were conspicuously posted that machinery was in no case to be cleaned while in motion, and that at proper times the machinery was stopped to allow the necessary cleaning to be done, and it was held that the master was not liable.

In Dervin *v.* Herrman, N. Y. Super. Ct., May 5, 1890, one of plaintiff's duties was to close an iron hatchway in the sidewalk, by using an elevator underneath to reach and fasten the staple. On the day of the injury, the defendant with knowledge that the elevator was undergoing repairs and was unfinished, ordered it used in shipping goods, and plaintiff shortly afterwards in closing the hatchway, unable to stop the elevator, was crushed against the iron doors. He had received no notice of any defect in the elevator. It was held that it was a risk against which defendant was bound to put plaintiff on his guard, and that he failed in his duty in not warning him of the danger. A duty devolves upon the master of a servant hitherto engaged in the capacity of a common hand laborer, before such laborer should be put in charge of dangerous machinery with which he is not acquainted, to instruct and qualify him for such new occupation. Brennan *v.* Gordon, 118 N. Y. 489 ; Connolly *v.* Poillon, 41 Barb. 366, 369; Ryan *v.* Fowler, 24 N. Y. 410; Noyes *v.* Smith, 28 Vt. 59; Railroad *v.* Fort, 17 Wall. 553.

Note on the Duty of the Master to Instruct his Servant.

In the case first above cited, it was further held that if the master selects a co-servant in his employment to instruct and qualify the servant for the new and more dangerous service, he must select a competent instructor, or be liable for his incompetency or his negligence while performing the duty of instructor, or for discontinuance of his instruction before it is completed, by which the promoted servant is injured; and if such is the case, the master will be liable for the injury, and it will be no defense that the injury was caused by one servant to his co-servant, for the servant whose negligence caused the injury stands for the master, and the latter is liable in such case the same as though the injury was caused by his own personal negligence. The degree of the instructor's competency is not to be gauged by the competency of the master. The servant is entitled to have, and the master is bound to provide him with, an instructor competent to teach the duties of the new occupation regardless of the master's competency in that respect.

So, in Brennan *v.* Gordan, 13 Daly, 208, it was held that an employer who directs his employee to operate a machine of which he knows nothing, and furnishes him an instructor to teach him how to do so, is liable for any injury to him in the use of the machine, arising from the incompetency or negligence of the instructor, and that the instructor does not stand to such employee in the relation of a co-servant, but as a representative of the employer.

It was held in Ogley *v.* Miles, 55 Hun, 604, that, in assigning a boy to operate a buzz-saw, it is the master's duty to give him such instruction in the use of the machine, in respect to the dangers to be avoided, as the youth and inexperience of the servant made necessary. It is his duty to exercise some care in ascertaining what experience the boy has had in the operation of buzz-saws. The boy's reply to the only question upon this subject that he could not use the saw but supposed that he could learn, was not such information as should have encouraged the master to set him at work on a dangerous machine without instruction in its use.

In Hall *v.* Carnie, reported above, the court held that when a master engages an inexperienced servant, especially if of tender years and presumed ignorance, and places him in a situation of latent or obscure danger, it is his duty to instruct the servant how to do the work, and, at the same time, be on his guard against the danger; and that, where the injury occurred while acting under the orders of a fellow-servant, if the instructions which the law required from an employer, under such circumstances, would have sufficed to put the lad on his guard against the negligent orders of such fellow-servant, and thereby have prevented the accident, the master is liable for not giving them.

Where a minor, who had been engaged about such machinery some

time, was injured, while in defendant's employ, by coming into contact with a part of the machinery which was in full view and in good repair, it was held that a specific instruction by the employer to the minor not to permit her hand to be caught between the moving machinery, was unnecessary, and the absence of such an instruction constituted no ground of liability. Oszkoscil *v.* Eagle Pencil Co., 57 Super. Ct. 217.

The duty of the master is performed when he provides beforehand, and makes known to his servants, rules explicit and efficient, which, if observed and followed by all concerned, will bring personal notice to every one entitled to it. Slater *v.* Jewitt, 85 N. Y. 61. He is not required to see to it personally that notice of change in the regular time-table in the running of trains comes to the knowledge of all those to be governed thereby. Id. If there is due care and diligence in choosing competent persons to receive and transmit the necessary orders, negligence by them in the performance of it is a risk of the employment that the co-employee takes when he enters the service. Id.

It was held in La Croy *v.* N. Y., L. E. & W. R. R. Co., 57 Hun, 67, that when a brakeman is employed, the duty devolves upon the company of calling his attention to its written or printed rules needful to him, and either furnish him copies or inform him where he will find them. The company ought not to be absolved from liability unless it imparts full and clear information to its employees. It ought not to be allowed to escape on conjecture or possibilities. Id. The acquisition of a knowledge of the company's written or printed rules, is not included among the risks assumed by the employee as incident to his vocation. Id.