VANESLER, Respondent, v. THE MOSER CIGAR & PAPER BOX COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. MASTER AND SERVANT: Child Employee: Dangerous Machinery. A minor of extreme youth can not be assumed to know the danger of working with or about dangerous machinery and must be cautioned when he is set to work, on pain of negligence being imputed to the master for failure to instruct him, if he is injured.

2. ———: ———: ———: Knowledge of Master. Where a lad ten years of age, employed in a paper box factory to run errands and clean up scraps of paper about the machines, was put to cleaning a machine in motion, by one of the employees, and while at such work, which was not in the line of his regular duty, he was seen by the foreman, who permitted him

to go on with the work without warning him of the danger, knowing that it was dangerous and that the boy was ignorant of the danger, the company operating the box factory was liable for injuries received in consequence of pursuing such work without warning.

3. **PERSONAL INJURIES: Damages: Excessive Verdict.** Where a boy ten years of age recovered a verdict of two thousand dollars for the loss of a thumb and other injuries to his arm and hand, which caused great suffering for a long time, the verdict was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Kortjohn & Kortjohn* for appellant.

*Stephen C. Rogers* for respondent.

(1) The court committed no error in giving instruction number one of its own motion, as it clearly stated the law on the case. Thompson v. Railroad, 93 Mo. App. 548, 67 S. W. 693; Barry v. Railroad, 98 Mo. 70, 11 S. W. 308; Zellars v. Water & Light Co., 92 Mo. App. 107; Rolling Mill Co. v. Corrigan, 3 L. R. A. 385, 46 Ohio Sup. Ct. 283; Hinckley v. Horazdowski, 8 L. R. A. 490; Buckley v. Mfg. Co., 41 Hun 450, 1 N. Y. St. 492; Railroad v. Fort, 84 U. S. (17 Wall.) 553, 21 L. Ed. 739; Thall v. Carnie, 52 Hun 614, 5 N. Y. Sup. 244; Hickey v. Taaffe, 105 N. Y. 26; McLain v. Railroad, 100 Mo. App. 374; Coal Co. v. Gaffney, 4 L. R. A. 850. (2) The court did not err in refusing the three instructions offered by appellant, of which they complain in their fourth assignment of errors (Hinckley v. Horazdowski, 8 L. R. A. 490), since it was their duty to caution and warn respondent, a mere child ten years of age, as to the dangers of the machinery. Hill v. Gust, 55 Ind. 45; 34 Am. Dig., sec. 419; Buckley v. Mfg. Co., 41 Hun

450, 1 N. Y. St. 492, 34 Am. Dig., sec. 416; Railroad
v. Fort, 84 U. S. (17 Wall.) 553; Dowling v. Allen, 74
Mo. 13; Wharton on Negligence, sec. 216; Marino v.
Lehmaier, 61 L. R. A. 811. Then if he was too young
to understand the dangers, appellants kept him in their
employ at their risk. Hickey v. Taaffe, 105 N. Y. 26;
Thompson v. Railroad, 93 Mo. App. 548; Hinckley v.
Horazdowski, 8 L. R. A. 490; Strawbridge v. Bradford,
128 Pa. 200. (3) The verdict of two thousand dollars
is not, under the uncontradicted evidence of Dr. Ken-
nedy, the attending physician, excessive. Dowling v.
Allen, 102 Mo. 213, 14 S. W. 751; Weldon v. Railroad,
93 Mo. App. 668, 67 S. W. 698; Batten v. St. Louis Tran-
sit Co., 102 Mo. App. 285, 76 S. W. 727; Dawson v. St.
Louis Transit Co., 102 Mo. App. 277, 76 S. W. 689;
Henderson v. Kansas City, 177 Mo. 492, 76 S. W. 1045.

STATEMENT.

Plaintiff, William Vanesler, had his right hand
and arm mangled in a paper-cutting machine in defend-
ant's factory. He was at that time a lad ten years of
age and had been working in the factory about two
weeks. The duty to which he was assigned when first
employed in the factory was running errands and
cleaning up boxes and scraps of paper under and about
the machine. At the time he was hurt the boy was
cleaning the machine; he says by the direction of the
man who operated it, William Grummel. The boy
testified that the foreman of the establishment, Emil
Wetzel, came along while he (plaintiff) was cleaning
the machine, saw him doing that work and said nothing
by way of remonstrance, but told him to clear some
papers off the top of it and put them in a box or take
them downstairs. The testimony goes to show that the
boy had never before been ordered to clear the top of
the machine of papers; but it had been his task to take
them off the floor under it. After he had performed the

chore the foreman ordered him to do, he renewed the work of cleaning the machine, in the course of which his hand was caught in some manner and greatly injured. The establishment was in a building of three stories and there were many machines on all the floors.

The ground of recovery charged in the petition is that the plaintiff was ordered and permitted by defendant, by and through its agents and servants in charge, to clean the paper off the top of the cutting machine, and that while he was engaged in cleaning it his hand was caught in a cavity around the wheels and between the stationary and revolving wheels, and injured: that in thus ordering and permitting plaintiff, whom the defendant knew or could have known, was under the age of fourteen years and unaccustomed to working around and about such machinery, the defendant was negligent; that in ordering and permitting plaintiff to work about said machinery without cautioning and instructing him how to clean and work about it, while it was in motion, the defendant was negligent. The petition describes the particular machine which inflicted the injuries, saying it was constructed of various and divers pulleys, belts, wheels, cogwheels, knives, bars, levers and other mechanism, and among the mechanism constituting it were two certain round pieces of metal or wheels on an axle or pulleys, so arranged that one was stationary and the other revolved with great rapidity very close to the stationary one, and that through both these pieces of metal or wheels there was a hole or cavity; that said machine was so constructed that the knife could be started or stopped without stopping or starting the other machinery of said machine. The machine was operated by mechanical power and was in motion when plaintiff was set to clean it and while he was engaged in that work.

It is agreed by counsel that the statute of the State prohibiting the employment of children under fourteen

years of age in manufacturing establishments, is not involved in the case. R. S. 1899, secs. 2189, 2190.

At the trial the judge instructed that there was no evidence to show the defendant or any other person authorized by it, directed or requested the plaintiff to clean the machine by which he was injured. This instruction eliminated from the case a recovery on the statute providing that minors and women shall not be required to clean machinery or work between the fixed and traversing parts of a machine while it is in motion. R. S. 1899, sec. 6434. The instructions permitted a recovery on the finding of these facts only: that the plaintiff was directed by the operator of the machine to clean it, and that Emil Wetzel, the foreman, saw him at the work and negligently permitted him to continue without cautioning or warning him of his danger. The main instruction is as follows:

"The court instructs the jury that if they find and believe from the evidence that in June, 1903, plaintiff, William Vanesler, was a boy between 10 and 11 years of age, and was employed by defendant as an errand boy at its box factory; and that he was there so working for about two weeks; and that on or about June 13, 1903, he was requested by the operator of a paper-cutting machine operated by steam and in use in said factory, to clean the machine, which was in motion but not in use; that the said plaintiff proceeded to clean said machine; that it was dangerous for him to do so; that he was at the time inexperienced and unaccustomed to said machine or the cleaning thereof, and because of his age and inexperience, if you find same, was not aware of the danger (if you find there was such) incident to his endeavoring to clean the machine while in motion; and that such danger (if you find it existed) was not apparent to one of his age and experience; and that while he was so engaged cleaning said machine one Emil Wetzel came up and saw what he

was doing; that said Wetzel was defendant's foreman in charge of said factory and in charge of and the person who employed plaintiff, and who had control of and authority over him while in defendant's employ; that said Wetzel knew, or in the exercise of reasonable care might have known, that it was dangerous for plaintiff to continue to work at cleaning said machine while it was in motion, and knew, or by the exercise of reasonable care might have known, that plaintiff, because of his age and inexperience, was ignorant of such danger (if you find there was such danger and plaintiff was ignorant thereof because of said reason) and said Wetzel negligently permitted said plaintiff to continue to work at cleaning the machine while in operation and negligently failed to caution him how to use it or warn him of his danger (if you find it existed); and thereafter and after said Wetzel had had time to warn or caution said plaintiff as aforesaid the plaintiff was injured; and if you further find and believe from the evidence that the injuries sustained by plaintiff were the direct result of the failure (if you find he failed as aforesaid) of said Wetzel to caution or warn plaintiff as aforesaid, then you will find for plaintiff, and if you do not find the facts to be as aforesaid, you will find a verdict for defendant.''

For the defendant the court instructed that the jury could not find for the plaintiff on the ground that he was permitted by the defendant to clean the machine, unless they believed that defendant, or its foreman Wetzel, knew he was cleaning it and permitted him to do so after having such knowledge. Three instructions were requested by the defendant and refused. One was that the plaintiff could not recover unless Grummel, the man in charge of the machine, was authorized to assign the plaintiff to the work of cleaning it. The second was that even though the foreman instructed the plaintiff to clean the machine, he could not recover. The third was that if the

jury found plaintiff was employed to run errands and carry boxes from place to place and he was injured while cleaning the machine without being directed by the foreman to do so, their verdict should be for the defendant. Besides the instructions noted, one was requested peremptorily directing the jury to find the issues for the defendant. Plaintiff was awarded $2,000 damages by the jury. Judgment was entered accordingly and defendant appealed.

GOODE, J. (after stating the facts.)—The main contention urged in behalf of the defendant is that the evidence shows no breach of any duty owed to the plaintiff; that the task assigned to him by the foreman, the only person having authority, was not to clean the machine, but to carry papers from place to place and run errands; a task not involving danger nor the use of machinery, and, therefore, calling for no instruction or advice in regard to the perils of the factory or working about the machines. This statement of the facts somewhat contracts the sphere of plaintiff's duty as it is to be deduced by fair inference from the evidence. It was shown without dispute that among his tasks was clearing the floor under the machine which hurt him, of scraps of paper and other trash. As we glean from the evidence, this involved working about the machine and was to some extent dangerous; though it did not involve danger of injury from the particular part of the machine where plaintiff's hand was torn. It will be observed that the learned trial judge authorized a verdict for the plaintiff only on a finding that the foreman saw him at work cleaning the machine and permitted him to continue at that work without caution or advice. This was dealing liberally with the defendant; for, without deciding the point, it strikes us that a lad of such youth as the plaintiff, should have been instructed regarding the dangers of the factory when he was set to work in it at the tasks conceded to have

been assigned to him. The place was full of compli-
cated and dangerous machinery, in the midst of which
the boy had to work; and, considering his years and in-
experience, and the lack of discretion and judgment
usually shown by boys of his age, some warning was
due. The argument on the appeal is that because
Wetzel, or any other competent authority, did not set
the boy to clean the machine, Wetzel was under no obli-
gation to warn him as to the danger, even if he saw
him at that work; and that the defendant company is
not liable if Wetzel permitted him to go on with it
without warning or caution. It is conceded that if he
had been directed to do the particular work at which he
was hurt, without previous advice or warning, a liabil-
ity would exist. A very fine line would have to be
drawn to say Wetzel had nothing to do with plaintiff's
cleaning the machine except to permit it. Wetzel told
him to clear boxes and papers off the top of the machine,
and the distinction between clearing off the top of it
and cleaning the rest of it is too subtle for a court
safely to depend on in determining whether a demurrer
to the evidence should have been sustained. If Wetzel
told the plaintiff to clear the top of the machine while
it was in motion, this was a task so similar to cleaning
the machine as a whole, that plaintiff justly might have
understood that he acted in the line of duty when he
cleaned the rest of it by direction of the man in charge;
especially as it was part of his regular duty to clean
papers from under the machine.

Passing from these comments on the evidence,
which show how narrow is the margin between the con-
ceded duty of the plaintiff and the work which caused
his injury, and which the defendant says was not his
duty, let us look at the law of the case. The general rule
of law is that a minor of such extreme youth can not be
assumed to know the danger of working with or about
dangerous machinery and must be cautioned and in-
structed when he is set to work about it, on pain of

negligence being imputed to the master for failure to instruct him, if he is injured. Dowling v. Allen, 74 Mo. 1; Cleveland Rolling Mill Co. v. Corrigan, 46 Ohio 283, 3 L. R. A. 385; Brazil Coal Co. v. Gaffney, 119 Ind. 455, 4 L. R. A. 850; Wharton, Negligence, 216. The text-writer just cited says that if a child is employed, the employer must look out for the child and see that it is not exposed to injury from machinery whose dangers an operative of ordinary experience and intelligence would perceive. The child must be instructed sufficiently to enable him to avoid the danger. The same doctrine is declared in Sullivan v. India Mfg. Co., 113 Mass. 396; Hickey v. Taaffe, 105 N. Y.26. In the former case it was aptly said that the dangers of a particular work may be great and apparent to persons of capacity and knowledge on the subject and yet a person, from youth and inexperience, fail to appreciate them; and that it is a breach of duty on the part of a master to expose an individual of this character to such dangers without instructions or cautions which will enable him to comprehend them.

The main instruction given by the court was conservative in its statement of the defendant's duty to have the plaintiff cautioned against the danger of injury by the machine around which his regular duty lay, and the other machines in the factory. The evidence is clear that the boy was wholly without experience of machinery and had but little, if any, conception of the peril to which he was exposed. It is conceded that the foreman knew his youth and the novelty of the work to him, but gave him no instruction. Such conduct toward a boy ten years of age, employed in a factory where there were many complicated machines moved by steam through the agency of cogs and pulleys, is not the kind that a court can say imperatively was right and that therefore the question of its propriety should not have been left to a jury.

As to the refused instructions: It is not essential

to plaintiff's recovery that Grummel should have been authorized to order him to clean the machine; for the absence of his right to recover was failure to warn him after the foreman (Wetzel) knew he was engaged in hazardous work. For the same reason the second refused instruction was erroneous. The third one was erroneous because, contrary to its assumption, the plaintiff was set to other tasks than carrying boxes from one place to another and running errands. It was, as stated, part of his duty to clean up about this machine. The instruction was further erroneous in debarring him from a verdict unless the foreman Wetzel directed him to clean the machine. We have held it was a good ground of action that the foreman saw him at the task and, knowing it was dangerous work and that plaintiff was young and inexperienced, permitted him to go on with the task without warning or advice.

It is said the verdict is exorbitant, but our opinion is the other way. The boy lost his thumb and the other injuries to his arm and hand were extremely severe and caused great suffering for a long time.

The judgment is affirmed. All concur.