## WILLIAM SCHROEDER v. THE MICHIGAN CAR COMPANY.

*Accidental injury.*

A workman caught his sleeve in the exposed cogs of an ordinary planing machine, and hurt his hand. He had run the machine for only a day or two, but he had worked within a few feet of it for two years and more, and among similar machinery for twenty-five years. *Held,* that the injury was accidental, and the workman, who must have been familiar with the machine, could not recover on the ground that his employer was negligent in setting him to work at it without having the cogs covered.

Error to the Superior Court of Detroit. (Chipman, J.) January 15—January 28.

CASE. Plaintiff brings error. Affirmed.

*O. F. Hunt* and *Griffin & Warner* for appellant.

*William H. Wells* for appellee. One who undertakes a work the dangers of which are plain, cannot recover for injury : *Sykes v. Packer* 99 Penn. St. 465 ; *White v. Sharp* 27 Hun 94 ; and certainly not if careless : *St. Louis Bolt &c. Co. v. Burke* 12 Ill. App. 369.

COOLEY, C. J. The plaintiff sues to recover damages for an accidental injury to one of his hands while in the service of defendant operating a planing machine. The injury was caused by the sleeve of his overshirt being caught in the cogs pertaining to the feed-rollers of the machine as he was reaching over the cogs to loosen a screw, thereby to increase the space for the passage of the board which was to be planed. The complaint made of the defendant is that it permitted the cap or shield covering the cog-wheels to be left off, thereby exposing persons to the risks of such accidents as occurred in this case.

The evidence showed that no cap or shield of the kind supposed had ever been over the cog-wheels ; and it was not therefore a case of negligently leaving in an unsafe condition a machine that as made was safe. It also appeared that the

machine had been in use in defendant's shops twelve years or more; that it was a machine manufactured by a well-known house and largely sold and used throughout the country, and that the plaintiff had known the machine and worked within a few feet of it for upwards of two years. It also appeared that he had worked among similar machinery for some twenty-five years. His special business had been to run a machine which is called in the evidence a "sticker" and which is used for cutting mouldings, and he was running for the second day the machine by which he was injured. He knew, and had known for two years or more that the cog-wheels had no shield over them, and he must therefore have known that if his garments were suffered to get between those wheels when in motion he was liable to such an injury as actually happened.

From this statement of facts it will appear that if the defendant has been guilty of any negligence contributing to the injury, it is to be found in the fact that a machine is made use of which is not so constructed as to guard as well as it might against similar accidents. Had the machine been constructed with a shield over the cog-wheels, this particular accident would probably not have occurred; and any one whose attention was drawn to the danger of such accidents would probably have perceived the desirability of such a shield.

But the machine is shown by the evidence to be manufactured and sold by a prominent and reputable house and much used throughout the country, and the defendant cannot therefore be said to be exceptionally wanting in prudence in purchasing and making use of it. Such danger as would result from making use of it was perfectly apparent, and would seem to be easily avoided; and it was probably not greater than other dangers attendant upon the use of common machinery which workmen encounter every day without hesitation and without fear. A farm hand who undertakes the management of a nervous horse or who handles a reaper or mower is probably exposed many times to risks quite as great as those to which this plaintiff was subjected; and when

an injury has happened it may be easy to point out, as it is now in this case, how some particular precaution would have given protection.   But the fact of injury and the possibility of guarding against it, do not necessarily make out a case of culpable negligence : very few acts in life are done with such care to prevent accidents as would have been possible; and the law only requires of any one that degree of care and prudence which persons who are reasonably careful ordinarily observe.   To require more would put everybody under restraints in the management of his business and in his dealings with others which would be more hurtful in the embarassments they would cause than beneficial in the protection they could give against injuries.

But a controlling fact in this case is that the plaintiff understood perfectly the exposure to which he was subjected, and needed to observe only ordinary care to avoid it.   If proof of this fact were required, it might be found in the use of the machine in defendant's shop for many years, and in its extensive use elsewhere.   A machine that with ordinary care could not be safely used, we may be sure would not to any considerable extent be bought or employed.   Employers if they had no care for their workmen must in their own interest have their machinery reasonably safe, or they will be at a disadvantage in the labor market.   But if this machine lacked anything to make it as safe as it should have been, the plaintiff knew what was lacking, and voluntarily encountered the risks.   The cases of *Railroad Co. v. Smithson* 45 Mich. 219 ; *Batterson v. Railway Co.* 49 Mich. 184 ; *McGinnis v. Canada Southern Bridge Co.* 49 Mich. 471, are therefore authority against the maintenance of this suit, as are also *Kelley v. Silver Spring Co.* 12 R. I. 112, and *Sullivan v. India Manuf'g Co.* 113 Mass. 396, which are cited for their close resemblance to this in their leading facts.

But if it were conceded that the plaintiff was guilty of no culpable carelessness the result must still be the same.   It does not by any means follow when the causes of an injury are traceable to two or more persons, that some one of them must necessarily be responsible in law for it.   On the con-

trary for a very large proportion of all the injuries which persons accidentally suffer, no cause of action arises against any one, for the reason that, though possibly a higher degree of care might have prevented the injuries, no such culpable carelessness appears as amounts to negligence as defined and taken notice of by the law. All such cases are deemed cases of pure accident, and no action will arise upon them. *Lewis v. Flint & Pere Marquette Railway Co.* 54 Mich. 55; *Richards v. Rough* 53 Mich. 212; *Sjogren v. Hall* id. 274. The case last cited much resembled in its leading facts the case now before us, and much which was said in the opinion is pertinent here. The trial judge held the plaintiff not entitled to recover on his own showing, and his

Judgment will be affirmed.

The other Justices concurred.