## TOWNSEND *v.* LANGLES.

*(Circuit Court; E. D. Louisiana. April 11, 1890.)*

1. MASTER AND SERVANT—NEGLIGENCE—DANGEROUS EMPLOYMENT.
   In an action by an employe for injuries received from machinery, the petition alleged that his hand was crushed by cog-wheels while he was brushing them off, and that he was inexperienced in handling machinery, and did not know and had not been told of the danger. *Held*, that he could not recover, as the danger was apparent, and incidental to the employment.

2. SAME—EXPOSED MACHINERY.
   In such an action, the failure of the employer to provide coverings for the cog-wheels is not negligence *per se.*

At Law. On exception to the petition.
Action by John Townsend against Justin J. Langles.
*B. F. Forman* and *L. Posey*, for plaintiff.
*J. A. Denis*, for defendant.

BILLINGS, J. This cause is submitted upon the petition and an exception thereto in the nature of a general demurrer, and presents the question whether any cause of action is set forth therein. The petition states that the plaintiff was a workman employed by the defendant in the latter's factory; that while attending to and operating a machine known as a "dough-mixer," where he had been directed to work by the defendant or his foreman in said factory, his hand was violently, suddenly, and without his fault, and without any means or power on his part of preventing it, or any knowledge of the danger that threatened him by a portion of the machinery of said mixer, viz., the cog-wheels, so crushed and mutilated that, notwithstanding all effort on his part, his (plaintiff's) hand, in consequence of the injury so received, had to be amputated, and so was lost to him; that the plaintiff had worked but a few days in connection with the dough-mixer, although for a longer period employed in defendant's factory; that he was inexperienced in handling machinery; that the accident happened through no fault of his; that the defendant never told him nor did he know of the danger; that the dough-mixer was running at an unnecessarily and dangerously high rate of speed; that plaintiff at the time of his accident was engaged in brushing off, with a hair brush, the machinery and cog-wheels; and that his injury was due to the willful and illegal neglect on the part of the defendant to warn the plaintiff of his danger, and of the dangerous character of the machinery, and to provide coverings around the cog-wheels. He also avers that such coverings were provided and placed around similar machinery in other parts of the factory.

The question presented by the demurrer, and at the argument upon it, is this: Did not the plaintiff, when he agreed to work at the dough-mixer, assume a risk, to be borne by himself, of all the circumstances out of which he says his injury arose? So far as relates to the absence of the covering upon and around the cog-wheels, this fact has been held by very highly esteemed authorities not to be *per se* negligence on the part of the employer. *Schroeder* v. *Car Co.*, 56 Mich. 132, 22 N. W. Rep. 220; *Sanborn* v. *Railroad Co.*, 35 Kan. 292, 10 Pac. Rep. 860.

It is settled law that, so far as open and visible causes of injury incidental to the employment are concerned, the employed, as between himself and the employer, tacitly agrees to run the risk. In *Tuttle* v. *Railway Co.*, 122 U. S., at page 195, 7 Sup. Ct. Rep., at page 1168, the supreme court of the United States lay down the principle of law as follows: "The rule is now well settled that, in general, when a servant, in the execution of his master's business, receives an injury which befalls him from one of the risks incident to the business, he cannot hold the master responsible, but must bear the consequences himself;" and that court in that case held that a brakeman was bound to exercise the care and caution which the perils of the business demanded. In a late case, *Carey* v. *Sellers*, 41 La. Ann. 500, 502, 6 South. Rep. 813, the supreme court of this state have, with great precision, laid down the same rule. I think the text-writers, and all the well-considered cases, establish the same doctrine. Attention was called by the counsel for plaintiff to *Myhan* v. *Powe*

*Co.*, 6 South. Rep. 799. The occult nature of the business in which the employe was employed, viz., that of generating and distributing electricity, may have been the ground of the ruling there made. Here the whole source of danger was most palpable. I think the exception is well founded, and should be maintained.