## BAIR, Respondent, v. HEIBEL, Appellant.

### St. Louis Court of Appeals, December 15, 1903.

1. **MASTER AND SERVANT: Guarding Dangerous Machinery.** There is no rule of the common law which requires dangerous machinery to be fenced or guarded, and the master is not answerable at common law, if a servant of full capacity is injured in the consequence of working about unguarded machines.

2. ———: ———: **Instructing Servant as to Danger.** Where the unguarded machinery is obviously dangerous and the servant working with and near it knows that it is unguarded and has had sufficient experience and knowledge to know the hazard, it is unnecessary for the master to instruct him regarding it, or call his attention to its dangerous character.

3. **PLEADING: Cause of Action for Violating Statute: Sufficiency of Petition.** A petition is sufficient if it sufficiently states a cause of action based upon the defendant's failure to comply with the requirements of a public statute.

4. **MASTER AND· SERVANT: Guarding Dangerous Machinery: Statutory Requirement.** The purpose of section 6433, R. S. 1899 is to provide for the safety of the employees in a mode which the common law does not, and, under it, if it is consistent with the effective operation of a dangerous machine, for the master to protect and guard it, he is negligent for not doing so, and will be liable for damages for injury to his servant, caused by the exposed condition of the machinery, unless the servant's own carelessness caused the injury.

Bair v. Heibel.

5. ——: ——: ——: **Jury Question.** Whether it is practicable to guard dangerous machinery so as to prevent the exposure of employees to the danger of working near it, is a question for the jury.

6. ——: ——: ——: **Assumption of Risk.** There is no implied assumption of risk by the servant of injury from dangerous machinery, to which the master has exposed him in disregard of the statute, and such exposure is negligence on the part of the master.

7. ——: ——: ——: **Contributory Negligence.** The servant is not guilty of contributory negligence for simply working around machinery, unless the danger is so great that a prudent person of his years and capacity would decline to face it.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED AND REMANDED.

*Louis A. Steber* for appellants.

(1)    (a)    Plaintiff himself clearly testified that he had worked for defendants constantly and daily for three months, saw all the machinery at work, oiled the shafting on the planer where he was hurt, had been to school, could read and write, and had worked for other people for some time before the accident. Just prior to that time he knew there was danger of getting his hands and person in contact with the cogs and appreciated that; also realized that if his hands or person got in contact with moving machinery he would get hurt. He admitted that he did not claim that he was too young to understand anything of that kind at that time. Under these circumstances he must be treated as if *sui juris.* Graney v. Railroad, 157 Mo. 666, 679; Nugent v. Kaufman Milling Co., 131 Mo. 241, 255-7; Herbert v. Mound City, etc., Shoe Co., 90 Mo. App. 305, 316; Buckley v. Gutta Percha Co., 113 N. Y. 540. (b) The plaintiff having admitted that he did not claim he was too young to appreciate the danger as stated in sub-

head a, supra, it was error in plaintiff's first instruction to leave it to the jury to decide otherwise. (2) It was error to admit plaintiff's testimony (against defendant's objections and exception) as to an uncovered and unguarded piston-rod lying on the ground. Nothing of the kind was charged in the pleadings. McCarty v. Hotel Co., 144 Mo. 397, 402; Chitty v. Railway, 148 Mo. 64, 75. (3) Plaintiff claimed that after trying to force the 16-feet plank into the roller he got "overbalanced," I "lurched forward," "I lost my balance and fell forward on my arm." The pictures in evidence show clearly that the cog-wheels are much higher than the table or planer on which the plank was drawn over. To fall is a downward movement and not an upward movement. How could he fall upward and over the wheels? If he fell forward how could he fall sideways and over the wheels? This is contrary to the natural law of gravitation. The court can not sustain a verdict at war with physical facts. King v. Gallan, 109 U. S. 99. (4) There is not a scintilla of evidence that the planer itself, as a planer, is a dangerous machine and known so by defendants. There is a broad distinction between the machine itself and the use or operation of the machine. Flint v. Russell, 5 Dill. 151; Stagg v. Tea & Spice Co., 69 S. W. (Mo.) 391, 393; National, etc., Castings Co. v. Luscomb, 19 Ohio C. C. 673, 681; Thummel v. Dukes, 82 Mo. App. 53, 56; White v. Merchants' Ins. Co., 93 Mo. App. 282, 288. The purpose of the legislature was not to make the master an insurer of the safety of the servant, but to increase the degree of care required by the common law, and this degree of care is confined to employees while engaged in their ordinary duties, etc. Colliott v. Am. Mfg. Co., 71 Mo. App. 163, 171. The succeeding section provides that no minor shall be required to work at fixed or traversing parts of a machine while it is in motion by the action of steam or other mechanical power. R. S. 1899, sec. 6434. The question whether the cog-wheels are dangerous in an

unguarded condition, within the meaning of R. S. 1899, sec. 6433, is not to be determined or necessarily influenced by the mere fact that an employee was injured thereby. Powalske v. Cream City Mfg. Co., 110 Wis. 461, 465-9. Evidence of a custom in other factories using planers to put a guard, etc., over cog-wheels, was inadmissible against defendant's objections and exceptions saved. Rooney v. Sewell Cordage Co., 151 Mass. 153, 161; Ford v. Mt. Tom, etc., Co., 172 Mass. 544, 546. (5) The fourth instruction being an indefinite repetition of the third instruction should not have been given. Kelly v. Stewart, 93 Mo. App. 47. (6) Plaintiff's third instruction is erroneous in telling the jury that the failure to properly protect or cover the cog-wheels was a defect. This should not have been assumed by the court as a fact, but should have been left to the jury to decide in an instruction properly framed under the provisions of R. S. 1899, secs. 6433 and 6434; Shoe Co. v. Hillig, 70 Mo. App. 301. (7) Plaintiffs' fourth instruction assumes as a question of fact "the lack of instruction and caution." The use of the word "the" is not found in a similar line in the similar third instruction for plaintiff. The manner of its use in the context of the instruction shows the jury that the court decided the fact for them that there was "the lack of instruction and caution" and that they must so find and by so doing disregard all the volume of evidence on the point given by defendants and their employees. Bailey v. Bailey, 152 Mo. 449. (8) The plaintiff's petition does not state a cause of action under section 6433, Revised Statutes 1899. This objection is never waived. Revised Statutes 1899, sec. 602. We now move and ask for a dismissal of the cause on this ground.

*Klene & Welsh* for respondent.

(1) Plaintiff's instruction No. 3 was approved by the Kansas City Court of Appeals in an opinion by

GILL, J., having been approved in an earlier appeal of the same case (37 Mo. App. 676), and is the law still in accordance with numerous decisions. (2) Instruction No. 4, of plaintiff, has been approved by the Supreme Court, and is the settled law of that court. Dowling v. Allen, 102 Mo. 213. Neither is it an indefinite repetition of No. 3. Both are quite definite and contain the declared law of the courts of last resort in this State. The jury is told that if certain facts are found, i. e.; that if the cog-wheels were not properly covered or protected, and that the planer was thereby unsafe and dangerous, and that the machine was thus rendered dangerous, then that was a defect which, etc., though visible, would not defeat plaintiff's right to recover, and is the law of this court. The fourth instruction is absolutely free from the same criticism, and is the law as declared by the Supreme Court. The objection made is one of those which by statute, must be specifically raised by an answer or demurrer, which was not done in this case. R. S. 1899, sec. 602. Such an issue can not be raised by a general denial. Rogers v. Marsh, 73 Mo. 64; Otto v. Railroad, 12 Mo. App. 168; Randolph v. Railroad, 18 Mo. App. 609; Clowers v. Railroad, 21 Mo. App. 213. (3) Instruction No. 1, offered by plaintiff was drawn after instructions approved by the Supreme Court, and remains the law. Dowling v. Allen, 88 Mo. 299. Instruction No. 2, was modeled after one approved by the Supreme Court and is unreversed. Hamilton v. Mining Co., 108 Mo. 374. Plaintiff's third instruction was modeled after a case reported in 47 Mo. App. reports. Goins v. Railroad, 47 Mo. App. 180. Plaitntiff's fourth instruction was likewise modeled after the Dowling-Allen case. (4) Except as to matters coming within the range of his peculiar skill the servant has the right to assume that the machinery and appliances furnished him are reasonably safe. Reber v. Tower, 11 Mo. App. 199; Porter v. Railroad, 71 Mo.

66. And he has a right to rely upon the superior knowledge of the master; question of the knowledge by the servant of the danger is one for the jury. Flynn v. Union Bridge Co., 42 Mo. App. 529; Higgins v. Railroad, 43 Mo. App. 547. Failure by master to instruct renders him liable. Reisert v. Williams, 51 Mo. App. 13. (5) The general rule is that a person who hires a minor does so at his peril. It is his duty to ascertain the legal status of the child, and if he neglects to do so the fault, as well as the consequence, is his own. Soldanels v. Railroad, 23 Mo. App. 516. (6) In a case in the Supreme Court it was held that plaintiff there being inexperienced, defendant's assurances relieved plaintiff from contributory negligence in using a chain furnished by defendant. Malone v. Morton, 84 Mo. 436.

STATEMENT.

In September, 1901, appellants engaged the respondent, who was at that time seventeen years of age, to work in a box factory conducted by them in the city of St. Louis. One of the machines used in the factory was a planer. This machine stood upright, the planing blade resting about half the height of a man of medium size above the floor. In front of the blade was a platform on which one end of the board to be planed was laid. The board was then pushed forward until it was taken hold of by rolling cylinders, 'drawn through the machine and planed as it passed through. The pictures in the record look as though the machine was three or four feet in width. It had, at either side, large and small cog-wheels which ran into each other and turned the cylinders. The machine was operated by belts and· pulleys. It was attended by Henry Heibel, one of the firm. Respondent Bair worked behind it, his principal task being to carry boards away from the planer after they were planed; but he also oiled the machinery in

the factory, shovelled sawdust and nailed boxes. He testified that it was part of his employment to help in front of the planer now and then; that sometimes Henry Heibel would want his assistance and would then lift his finger as a signal for him to come forward. This is denied by the witnesses for the appellants. There was contradictory evidence as to whether the plaintiff had been warned that the planer was dangerous and to keep away from it; but it is certain he knew the danger incident to being about it, particularly the risk of getting his arm or clothing caught in the cog-wheels; for on this point he testified himself, that he knew and appreciated the danger of letting his hands or person come in contact with the cogs; knew he would get hurt if he did so and did not claim he was too young to fully understand the hazard.

When the accident that gave rise to this litigation occurred, he had been working in the factory, at the duties mentioned, for three months. Bair's own version of how he got hurt is that Henry Heibel was trying to force a board fifteen or sixteen feet long into the planer; but as the board was saturated with water and had swelled, the rollers would not draw it in; that Heibel raised his finger for him (Bair) to come forward and assist in shoving the board; that he did so and the two pulled it from between the rollers. They then endeavored to force it back, and while pushing it, plaintiff lost his balance and fell against the machine, his right arm striking against the cog-wheels on one side, which caught the arm and crushed it so badly between the wrist and the elbow that it had to be amputated. The cog-wheels at the sides of the planer were open and unguarded.

The testimony of the witnesses for the appellants is totally different, and is to this effect: There was no board in the planer at the time of the accident; but just then Henry Heibel was straightening out some lumber he intended to plane and putting it where he could

handle it conveniently; the respondent Bair was doing nothing immediately before he was hurt; was simply standing by the planer with his arm over the top and near the cog-wheels; suddenly, by a careless movement, his arm was brought into contact with the cog-wheels and caught by them; the first anyone in the factory knew of the accident was when Bair screamed; then the machinery was stopped as soon as possible and his arm extricated from the wheels.

One fact slightly tends to corroborate this version of the affair; for when the machinery was stopped Bair, instead of being in front of the planer, was at the side of it where the witnesses said they saw him before he was caught. In explanation of this circumstance he swore he sprang from the front to that side after his arm was seized by the cogs.

Appellants are accused of negligence in the following particulars: Ordering the respondent to help force the board into the machine, a dangerous task, but not know to be by him; appellants knew the machine was dangerous and operated it in a careless manner, which caused the injury; plaintiff was inexperienced and uninstructed as to the dangerous character and condition of the machine, and had he been instructed by the appellants in reference to its unprotected and exposed condition, he would have been forewarned and not injured; appellants were negligent in not protecting and covering the cog-wheels, and the injury would not have occurred had the wheels been covered.

At the conclusion of the testimony an instruction was requested by the appellants and refused by the court, that under the law and the evidence the plaintiff could not recover.

The following instructions were given to the jury: For the plaintiff:

"1. The court instructs the jury that if they find from the evidence, that the planer mentioned in the evidence was a dangerous machine, and known to be so by

defendants, or that defendants operated the same in a negligent and careless manner, or that defendants permitted the cog-wheels on said planer to be and remain unprotected and dangerous when operated and that plaintiff by direction of defendants' foreman Henry Heibel, was at the time of his injury assisting said foreman in forcing a board into said machine and while doing so he was caught and injured by said cog-wheels, and that the defendants knew or by the exercise of ordinary care, would have known of said danger; then the law imposed on defendants the duty of so boxing and guarding said cog-wheels as to protect plaintiff and others from injury, or to give to him reasonable notice of such danger; and if the jury further find from the evidence that the danger from the machinery aforesaid, as used by defendants, was not apparent to a party of the age and experience of plaintiff, as shown by the evidence, and that he did not have sufficient or reasonable notice of such danger, and that plaintiff without any negligence on his part, by reason of his youth and inexperience, or reliance upon directions given him, failed to appreciate the danger of forcing a board into the planer and was injured in consequence; the defendants will be responsible therefor, and the jury will find for the plaintiff.

"2. If the jury believe from the evidence that plaintiff was injured by reason and on account of the failure to cover or protect the cog-wheels on defendants' planer mentioned in the evidence, and that said planer was unsafe and dangerous to plaintiff and others in defendants' employ by reason of the fact that said cog-wheels were not covered or guarded, to work in and about the same, then plaintiff's right of recovery herein, will not be defeated by knowledge on his part, if he had knowledge of the condition thereof, if it was not so dangerous as to threaten immediate injury, or if he might reasonably have supposed that he could safely work about it, by the use of care and caution, and if he

did use all the care incident to the condition in which he was placed, considering his age and experience, as shown by the evidence.

"3. If the jury find that the cog-wheels on defendants' planer were, at the time plaintiff was injured, unsafe and dangerous, by reason of not being properly protected or covered, and that said defect rendered said planer dangerous, then, although such defect was visible, and the danger of operating said machine in the manner described in the evidence, was apparent to one of mature years, or one accustomed to operating a planer, yet, if the jury find that plaintiff, at the time, young and inexperienced, and by reason of his youth and inexperience, and lack of instruction and caution he was not aware of the danger to himself, from the use of such planer, then plaintiff's right to recover in this action will not be defeated by the fact that said danger was visible and apparent.

"4. The court instructs the jury that although they may find from the evidence that the cog-wheels on defendants' planer were visible, and the danger of operating it was apparent to a person of mature years, or to one accustomed to the use of such a machine, yet if the jury further find from the evidence that, by reason of the youth and inexperience of plaintiff, and the lack of instruction and caution he was not aware of the danger to himself from said cog-wheels, the fact that they were visible or apparent will not defeat his right to recover in this case."

Appellants saved an exception to these instructions.

By the court:

"The court further instructs the jury that the terms ordinary care, prudence and caution as used in these instructions with reference to the plaintiff Frank Bair, mean such care as a person of the age, experience and intelligence of the plaintiff, as shown by the evidence, would usually exercise under like or similar circumstances; and failure to exercise such care is negligence."

For defendant:

"1. The jury are instructed that the mere fact that the plaintiff is a minor will not alone excuse any want of ordinary care, caution or prudence on his part. The jury must take into consideration his age, experience, intelligence and general conduct in work, as well as such instructions or warnings, as to dangers to be apprehended from moving machinery in defendants' establishment, as from the evidence, they may believe and find were given to plaintiff by defendants or other employees of defendants. And if from the evidence, the jury believe that plaintiff failed to be guided by or disregarded such instructions or warnings, if any, and was injured through his own negligence, carelessness or recklessness in approaching too close to, or bringing his person in direct contact with moving machinery, and thereby contributed to or caused the injuries complained of, the verdict must be for the defendants.

"2. Even though, from the evidence, the jury may believe that the cog-wheels were not safely or securely guarded, or were so placed as to be dangerous to persons employed therein, or thereabout while engaged in their ordinary duties; yet if, from the evidence they further believe and find that if at the time plaintiff was hurt he was not engaged in his ordinary duties and was not exercising ordinary prudence and caution, and had placed his arm carelessly over the cog-wheels and a coat on said arm was caught therein, dragging and forcing his arm into said wheels, your verdict must be for the defendants."

From a verdict in favor of the respondent this appeal was taken.

GOODE, J. (after stating the facts as above).— Respondent's counsel insist in their brief that this is an action founded on common law negligence; not one controlled by the statute requiring dangerous machinery to be guarded. We question whether a case was

made out at common law; for it would be doubtful but
for the statute, if appellants were under obligation to
protect the cog-wheels by guards, negligent in failing to
guard them, or responsible for the accident.   It seems
there is no rule of the common law requiring dangerous
machinery to be fenced or guarded and that the master
is not answerable if a servant of full capacity is injured
in consequence of working about unguarded machines.
Schroeder v. Car. Co., 56 Mich. 132; Townsend v. Lang-
lese, 41 Fed. 919; Sullivan v. Mfg. Co., 113 Mass. 396;
Clarke v. Barnes, 37 Hun 389; Stephenson v. Duncan,
73 Wis. 404; Sanborn v. Railway, 35 Kan. 292; Lore v.
Mfg. Co., 160 Mo. 608.   The master might be liable for
permitting a young and inexperienced person to be ex-
posed to such a hazard; and when an accident of this
character happens, in determining the common law
liability of the master, the age, capacity, experience and
knowledge of the danger possessed by the injured minor
bear on the problem as establishing or overthrowing the
defense of assumed risk. . But Bair was seventeen years
old, had had experience while working three months
with and near the machine, knew the cogs were un-
guarded, that there was risk of getting caught in the
wheels, that he needed to be careful to keep his hands or
person free from contact with them, and fully appre-
ciated the danger, according to his own statement.   Ac-
cording to his testimony, too, it was part of his regular
employment to assist in front of the planer when called
on.   If there was no duty to screen the cogs, and it
seems from the foregoing authorities and others that
might be cited, there was none independent of the stat-
ute, Bair's injury would appear to have happened in the
course of his regular employment, as the result of a risk
incident thereto, rather than from any negligence of the
appellants.   If his case is to stand on the common law
alone, it falls within the scope of the cases cited above,
and is nearly identical in facts with the first four.   The
unguarded cog-wheels were in plain view and so

obviously dangerous that the respondent neither needed instruction regarding their danger, nor lacked capacity to realize it. The specification of negligence that Bair was inexperienced and uninstructed as to the danger of the machinery and would have escaped injury if he had been instructed, was not made good. Neither was the specification made good that the machine was operated in a negligent manner and so as to injure him, unless that specification is taken to mean that it was operated carelessly because operated without a cover.

It may have been for the jury to decide whether Bair sufficiently understood the risks incident to operating the machine to realize the hazard of attempting to force the board into it; but certainly he did not need to be told the danger of contact with the cog-wheels. In fact, failure to instruct him in regard to the danger of the cog-wheels had nothing to do with the injury; which, if we believe him, resulted from his losing his balance while pushing the board and lurching against the wheels; not from ignorance that they were dangerous. On the contrary, if we accept the version of the appellants, Bair simply laid his right arm in a careless manner against the wheels and was caught; a result he knew enough to anticipate if he had been thinking what he was doing. What part then, does omitting to instruct him concerning the dangerous character of the machine play? We can not see that that pretended neglect of duty by the appellants has any relevancy.

But a statute of the State bears directly on the case, and we can not ignore it in determining this appeal, although the respondent's counsel, for some reason, repel statutory help. The circuit court founded its instructions on the statute, as is manifest from reading them. Nor is it of any moment that the petition makes no mention of the act, since it is a public one, and the allegations of the petition sufficiently state a cause of action based on the appellants' failure to comply with its requirements:

"The belting, shafting, gearing and drums, in all manufacturing, mechanical and other establishments in this State when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments." R. S. 1899, sec. 6433.

The purpose of that statute is to provide for the safety of employees in a mode which the common law does not; as was decided in Lore v. Mfg. Co., supra, where it was said:

"The act is remedial and salutary. The purpose of the Legislature was to preserve the lives and limbs of those whose daily life is spent working on and about machinery wielding irresistible mechanical power, and was obviously intended to make plain the duty of the master to his servants employed around or about dangerous machinery and to modify the common law doctrine that in the absence of a statute the master was not bound to fence his dangerous machinery.

"A failure to comply with such a statute is negligence. As said by the Court of Appeals in Colliott v. Mfg. Co., 71 Mo. App. 171; 'The failure of the master to so guard the gearing, etc., of his machinery would be a violation of a statutory duty, and be negligence *per se.*' The character of the required guards is defined by the statute itself; they are required to 'be safe and secure.' "

The facts of this action, as sworn to by the respondent, are not materially dissimilar to the facts in the Lore case.

It was the duty of the appellants to protect the cogwheels attached to the planer if this could be done; that is if it was practicable and consistent with the effective operation of the machine. Whether it could or not was a fact for the jury to decide. There is evidence in the record tending to show it could be done without inconvenience to the plaintiff; but the expert witness spoke

dubiously and without having seen the planer or the factory. The jury should be instructed to find whether it was possible or not. If it was, a case of negligence was made out against the appellants which laid them liable for damages for respondent's injury, unless his own carelessness caused the injury. The instructions were too imperative in taking for granted that the wheels should have been guarded; because, we think, that was a matter the law does not pronounce on absolutely. It was a fact to be found, as the evidence stood.

If it was practicable to guard the wheels, the appellants were negligent and the respondent did not assume the risk of injury by working around them in their exposed state. Lore v. Mfg. Co., supra. Certainly the doctrine of assumption of risk does not stand in the way of respondent's recovery for an injury suffered from appellants' disobedience of a statute intended to protect him and other employees. If the policy of the unwritten law, as declared in adjudged cases, forbids a master to exempt himself by an express contract from liability for a negligent injury to a servant, a fortiori, he may not become exempt by the servant's implied assumption of the risk of injury from a danger to which the master exposed the servant in disregard of the law's policy as declared by statute. A contract to relieve a master from the consequences of his negligence is ineffective, because it is supposed to be contrary to the public weal. Blanton v. Dold, 109 Mo. 64. And it is surely negligence in the master to disregard a statutory mandate as to means to be taken for the safety of his servants, whatever may be thought of applications which have been made, sometimes, of the rule in regard to contracting against negligence, so as to render the master liable when the servant was injured by an obvious risk taken without protest. In so far as this rule is operative, the doctrine of assumed risk must be inoperative.

The true question is as to the respondent's contributory negligence; and of that he did not convict himself

by simply working around the uncovered cog-wheels, unless the danger was so great that a prudent person of his years and capacity would have declined to face it. Settle v. Railway, 127 Mo. 336; Pauck v. Provision Co., 159 Mo. 467. Assuredly, the court would have acted unjustly had it declared the risk to be that extreme, as a legal deduction. A finding by the jury that it was could hardly be upheld. Hence, there was no wrong done in refusing the instruction for a verdict in defendants' favor.

Contributory negligence might be charged against the respondent on another ground, namely; that he carelessly laid his arm against the cogs, as the appellants' witnesses swore. The court so instructed and submitted that defense to the jury, as was proper.

Besides the error of assuming the cog-wheels could be guarded, which appears in the first of the respondent's instructions, the third and fourth instructions for him are erroneous in predicating as a basis for a verdict the possible fact that respondent was not instructed or cautioned as to the danger. He did not need to be, to enlighten him; and there was no averment of negligence founded on failure to post a notice, as the statute requires to be done when dangerous machinery can not be guarded. The contention of the respondent and the theory of the petition, were that it was possible to guard the wheels and the appellants' duty to do so.

Judgment reversed and cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.