MUELLER, Respondent, v. LaPRELLE SHOE COM-
PANY, Appellant.

St. Louis Court of Appeals, January 24, 1905.

1. **MASTER AND SERVANT: Unsafe Appliances: Knowledge of Servant.** Where an employee sued for injuries received by reason of being put to work with a defective machine, where the evidence showed that the machine was simple and could be understood by brief observation, that plaintiff knew perfectly well how to operate it and that his injuries were not caused by his lack of knowledge of how to operate it, recovery could not be predicated upon the negligence of the defendant in failing to instruct him regarding its operation.

2. **PLEADING: General Charge of Negligence: Specific Acts.** Where a petition in an action for personal injuries contains a general allegation of negligence followed by an enumeration of certain careless acts, the law regards the enumeration as explanatory of the general allegation.

3. **MASTER AND SERVANT: Unsafe Appliances: Pleading: General Allegation of Negligence: Specific Acts.** The petition in an action by a servant against the master for personal injuries alleged as acts of negligence that the defendant failed to give plaintiff proper instruction and warning with reference to the machine with which he was put to work, and that said machine was not in a reasonably safe condition "and also in this," to-wit: that such fenders and safeguards were not provided, etc., as reasonable care requires. *Held*, the allegation that the machine was not in a safe condition was not a statement of an independent ground of recovery, but must be referred to the specific allegation in failing to provide fenders, etc., and evidence of a defective treadle, not specifically alleged, was inadmissible, that the connection of the general allegation with the specific allegations by the phrase "and also in this," is a grammatical and not a logical separation of the allegations and does not show they are intended to state distinct grounds of recovery.

4. ———: ———: ———: **Knowledge of Master.** And the general allegation of negligence was insufficient to state a cause of action unless accompanied by an allegation that the employer knew, or by due care would have known, the machine was unsafe, and the defect could not be cured by verdict.

5. ——: ——: **Knowledge of Servant.** And where the plaintiff's testimony showed that he understood the danger to which he was exposed by the defect which caused his injury, it was improper to submit to the jury the issue as to whether he knew and appreciated the danger.

6. ——: ——: **Assumption of Risk.** Where the testimony showed that plaintiff complained to the foreman that the machine was unsafe and used appliances to prevent an accident, the question as to whether he assumed the risk was properly submitted to the jury.

7. ——: ——: **Contributory Negligence.** And where the condition of the machine was not so eminently perilous that a prudent youth of plaintiff's age and capacity would not have incurred the risk, he could not be defeated on the ground of contributory negligence in continuing to use the machine.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED AND REMANDED.

*Wise McNulty* and *Seddon & Holland* for appellant.

(1) The court erred in refusing to give the peremptory instruction offered by appellant at the close of all the evidence. (a) Because there was no evidence of any violation of the statute of the State in regard to belting, shafting, gearing and drums having to be securely guarded; (b) Because there was no evidence that defendant failed to give plaintiff proper warning in reference to the dangers of said machine; (c) Because while there was evidence that the said machine had no fenders and safeguards on it there was no evidence of negligence in failing to have such fenders and safeguards; (d) Because the absence of fenders and safeguards was open and obvious, and plaintiff in accepting employment and in working at said machine assumed the risk arising from the absence of such fenders and safeguards; (e) Because, even if respondent had pleaded negligence in reference to the

treadle of the machine having worn smooth on a portion thereof, respondent is not entitled to recover on this ground. The fact that the said treadle was smooth, if such were the fact, was open and obvious, and was known to plaintiff, and he assumed the risk of continuing to work with the same. Minnier v. Railway, 167 Mo. 99, 66 S. W. 1072; Miller v. Cordage Co., 126 Fed. Rep. 495; Steinhauser v. Spraule, 127 Mo. 541, 28 S. W. 620, 30 S. W. 102; Winkler v. Box Co., 137 Mo. 394, 38 S. W. 921; Epperson v. Tel. Co., 155 Mo. 346, 50 S. W. 795, 55 S. W. 1050; Holloran v. Iron & F. Co., 133 Mo. 470, 35 S. W. 260; Roberts v. Tel. Co., 68 S. W. 155; Fugler v. Bothe, 117 Mo. 475, 22 S. W. 1113; Goodridge v. Mill Co., 160 Mass. 234; O'Malloy v. Gaslight Co., 158 Mass. —; Nugent v. Milling Co., 133 Mo. 470; Spira v. Coal Co., 88 Mo. 68; Carpet Co. v. O'Keefe, 79 Fed. Rep. 900; Kneisley v. Pratt, 128 N. Y. 372; Porter v. Railroad, 71 Mo. 77; Davitt v. Railroad, 50 Mo. 304. (2) The law is well-settled in this State that where the plaintiff specifies one ground of negligence he can not recover upon other grounds, but is limited to the specifications contained in his petition: Feary v. Railroad, 162 Mo. 175, 62 S. W. 452; Chitty v. Railroad, 148 Mo. 164, 49 S. W. 868; McManamee v. Railroad, 135 Mo. 440, 37 S. W. 119; Waldhier v. Railroad, 71 Mo. 514; McCarthy v. Hotel Co., 144 Mo. 397, 46 S. W. 172.

*R. T. Brownrigg* and *W. L. Mason* for respondent.

The court properly refused to give the peremptory instruction offered by appellant at the close of all the evidence. (a) Because there was evidence that respondent was not properly instructed as to the operation of the machine at which he was placed to work. (b) Because there was evidence that the machine at which respondent was placed to work was in an unsafe condition in that the pedal thereof was worn, slippery

and smooth. And though this defect was open and
obvious, respondent, by continuing to work at the said
machine, did not forfeit his right to recover, unless the
danger of injury was so imminent and immediate as to
cause a reasonably prudent person of his years and ex-
perience to discontinue the employment. Whether or
not the danger was of this character was for the jury
to say under proper instruction. Curtis v. McNair, 173
Mo. 270, 73 S. W. 167; Minnier v. Railroad, 167 Mo.
113, 66 S. W. 1072; Wendler v. Fur. Co., 165 Mo. 527,
65 S. W. 737; Hamman v. Coal & Coke Co., 156 Mo.
232, 56 S. W. 1091; Holloran v. Iron & F. Co., 133 Mo.
476, 35 S. W. 260; Kane v. Falk Co., 93 Mo. App. 209;
Nash v. Dowling, 93 Mo. App. 156; Cardwell v. Rail-
road, 90 Mo. App. 31; Herbert v. B. & S. Co., 90 Mo.
App. 305; Scott v. Springfield, 81 Mo. App. 312; Harri-
man v. K. C. Star Co., 81 Mo. App. 104.

GOODE, J.—Personal injury case. At the time
plaintiff was hurt he was a minor past eighteen years
of age and working in the defendant's shoe factory. He
was employed in that factory July 23, 1903, and injured
on the thirteenth day of the following October; but had
worked on the machine that hurt him less than three
days before the accident. That machine was for press-
ing leather. It had two iron rollers, one placed above
the other and rolling inwardly, which took hold of
pieces of leather fed to them by hand and drew the
pieces through, thus smoothing their surfaces. A hor-
izontal table was immediately in front of the two roll-
ers with its inner edge opposite the space between them.
Beneath the platform was a coiled spring about a foot
in length, and projecting from the lower end of the
spring was a bent arm which ended in a flat treadle a
foot long and eight inches wide, set nearly horizontally,
to be worked by the foot of the operator of the machine.
This treadle was intersected by deep grooves a quarter
of an inch apart, cut into the upper surface to roughen

it and give the operator a better foothold. The rollers were turned by a belt working on a wheel at the side and on shafting above, driven by steam power. In operating the machine the workman would put his foot on the treadle, press it downward and thereby raise the lower roller so that the leather was drawn between the two rollers and pressed. When the workman removed his foot the lower roller would drop. The accident was due to the plaintiff's foot slipping off the treadle, causing him to lose his balance, tilt forward and thrust his hand between the rollers, which crushed it.

The only ground for a verdict in plaintiff's favor allowed by the instructions was a finding that the condition of the treadle rendered it dangerous to work with, that such condition was known to the defendant, or could have been by care, and that the danger was not known and appreciated by plaintiff, or if known and appreciated, was not so imminent and immediate as under the circumstances in evidence, would deter an ordinarily prudent person of plaintiff's years and experience from operating the machine. The treadle was said to be in bad order and dangerous, because its surface had been worn so slick by use that the operator's foot would slip off, thus endangering him. The plaintiff said the top of the treadle "was a good deal worn off and slippery." He had seen the machine at work several months before he was put to work on it and testified that he knew all about operating it, as doubtless he did, for it was of simple construction and movement, and required but little study to understand. He said that before the day of the accident, which was the third day he worked on the machine, his foot slipped off the treadle five times or more; twice the first day and three times the second. He said, too, that he knew there was danger of his foot slipping off because of the smoothness of the treadle, and danger of his hand getting caught between the rollers as the result of such a slip; that he knew all those matters after he had tended the

machine two days as well as if he had worked on it two weeks. And his evidence leaves no doubt that prior to the injury he not only comprehended the imperfect state of the treadle, but the danger to which it exposed him. He testified to using pieces of bagging and leather on the treadle to make his foothold more secure, and to a conversation with the foreman, which was relied on to prove notice to the defendant that the treadle was in bad repair. The plaintiff's testimony regarding that matter is that the foreman, seeing a piece of crumpled leather on the floor, spoke to the plaintiff about it and plaintiff told him he had used it on the treadle to keep his foot from slipping; whereupon the foreman said the leather was not there for that purpose. The foreman said he had never thought of the appliance as out of repair and had received no information from any one that it was. He denied having had any conversation with the plaintiff about it. A man who had worked on the machine previously testified that he experienced no difficulty; that the treadle was in good order and his foot had never slipped. An expert on shoe machines swore a machine of this kind was expected to last ten years or more, that the treadle lasted as long as the rest of the machine, and that new treadles had never been supplied for pressing machines, or needed. The machine in question was placed in the factory in January, 1902, less than two years prior to the accident. A picture of it was put in evidence, which shows deep grooves across the surface of the treadle.

A point is made about the petition in this case in regard to the admission of testimony, so it is necessary to state the negligence charged, and this will best be done by copying from the petition itself:

"Plaintiff further says that said defendant wholly failed and neglected to perform the duties which, as master, it owed to said plaintiff while engaged in its employment as aforesaid, and that defendant's said negligence consisted in this, to-wit: That when plain-

tiff's work was changed as aforesaid, he was not properly instructed as to the operation of the machine at which, as aforesaid, he was newly placed to work; and that defendant failed to give plaintiff such instruction and warning with reference to the dangers of said machine as, in the exercise of reasonable care, defendant should, under the circumstances stated aforesaid, have given to a person of plaintiff's youthfulness and inexperience; and in this, to-wit; that said machine at which plaintiff was last placed to work, as aforesaid, was not in a reasonably safe condition; and also in this, to-wit; that such fenders and safeguards were not provided for and attached to said machine as defendant, in the exercise of reasonable care, should have provided for screening and protecting the gearing and shafting of said machine at which it employed a person of plaintiff's youthfulness and inexperience.

"As a direct result of the premises and of defendant's negligence as aforesaid, on or about the 13th day of October, 1903, while plaintiff was engaged in the performance of his aforesaid duties and work at and about said machine, used for pressing and smoothing leather, as aforesaid, plaintiff slipped and fell and his left hand and arm were caught between the iron rollers of said machine and his said arm and hand terribly crushed, bruised, torn and lacerated."

A verdict for the plaintiff was returned and the defendant appealed.

No attempt was made to show that the machine by which the plaintiff was injured ought to have been screened or guarded, and the cause of action based on failure to safeguard it was abandoned practically, if not formally.

The plaintiff needed no instruction regarding the operation of the machine, as he already possessed full knowledge of how to operate it, and so testified. The mode of working it was very simple and could be as well understood by a brief observation as a long one.

The plaintiff had seen it operated through several months.  Besides, his injury was npt caused by lack of knowledge of how to operate the machine and is not asserted to have been.  No ground of recovery was left except the imperfect state of the treadle, due to its slick surface, on which the foot of the plaintiff slipped; and this was the only ground on which the instructions authorized a verdict for the plaintiff.

The point to be first considered is whether the petition states a cause of action based on a defective treadle, the defendant's counsel insisting that it does not.  Their contention regarding the petition is that it counts on but two negligent acts or omissions of duty by the defendant; first, failure to give the plaintiff such instruction concerning the operation of the machine and warning of the dangers incident thereto, as, in the exercise of reasonable care, and in view of his youth and inexperience, should have been given; second, failure to provide such fenders and safeguards to screen the shafting and gearing of the machine as reasonable care for the plaintiff's safety required.  It is true those omissions of duty are distinctly alleged and probably they were the grounds on which a recovery was expected when the action was brought.  But between the averments respecting them this averment occurs:  "And in this, to-wit; that said machine on which plaintiff was last placed to work, as aforesaid, was not in a reasonably safe condition."  That allegation is followed by the one about the failure to provide fenders and safeguards, which is in these words:  "And also, in this, to-wit; that such fenders and safeguards were not provided for and attached to said machine as defendant, in the exercise of reasonable care, should have provided for screening and protecting the gearing and shafting of said machine, at which it employed a person of plaintiff's youthfulness and inexperience."  It is argued that the intermediate averment regarding the unsafe condition of the machine ought to be treated, not as a

statement of a distinct and independent ground of re-
covery, in support of which evidence going to show the
machine was unsafe in any particular was admissible,
but as part of the charge of negligence in failing to
safeguard the gearing and shafting and, therefore, call-
ing for no evidence except such as bore on the issue of
whether safeguards ought to have been provided. Af-
ter much thought on the subject we have reached the
conclusion that this interpretation of the petition is
sound. The language employed and its arrangement,
may be thought to state three separate causes of action,
or distinct omissions of duty owed to the plaintiff:
failure to instruct him, putting him to work on an un-
safe machine, and failure to screen the gearing and
shafting of the machine. That the first and third fail-
ures of duty are stated as separate grounds of recovery
is plain; and the use of the words "and also in this"
between the second and third clauses of the paragraph
containing the allegations of negligence, gives counte-
nance to the view that the intention was to charge gen-
eral negligence in providing an unsafe machine in the
second clause and a specific act of negligence in fail-
ing to provide safeguards in the third one. But when
a petition contains a general allegation of negligence
followed by an enumeration of certain careless acts,
the law regards the enumeration as explanatory of the
general allegation. Both the averments were for com-
mon law negligence in reference to the same thing;
namely, setting plaintiff to work on a dangerous ma-
chine. If one had been for the omission of a common
law and the other of a statutory duty, it could be argued
plausibly, if not accurately, that the common law neg-
ligence alleged in respect to the dangerous condition of
the machine, though general, was sufficient to let in evi-
dence as to any defect in the machine, no motion having
been made for a more definite allegation. But the aver-
ment in regard to fenders and screens did not count
on the statute requiring dangerous machinery to be

guarded for the protection of all workmen, but on a supposed common law duty to do so because of the plaintiff's youth and inexperience. This conclusion is enforced by the pleader's having declared, in a second count, on the defendant's negligence in not complying with the statute. Therefore, we find in the first count a general charge of common law negligence, which is both preceded and followed by a statement of particular omissions of duty constituting the same kind of negligence; and by an established rule of practice the plaintiff's right to recover depended on his proving one or both the specified omissions, and could not be put on an act not specified, to-wit; the failure to provide a reasonably safe treadle. [McManamee v. Railroad, 135 Mo. 440, 37 S. W. 119; Waldhier v. Id., 71 Mo. 514.] The McManamee decision clearly requires the rule to be applied to the petition in the present case. McManamee was killed by a locomotive and his widow sued for damages, charging that her husband was "caused to be run over and killed through the negligence, carelessness and unskillfulness of defendant's agents and servants in charge of its engine and cars, whilst running, conducting, controlling and managing the same." This averment was followed by others charging, as causes of the fatality, non-observance by the railway company of municipal ordinances regulating the speed of trains, requiring the engine bell to be rung and a watchman to be kept at the crossing where the deceased was killed. The averments in regard to violations of the ordinances were ruled to be the only grounds for a verdict in the widow's favor, and that she was not entitled to a recovery for common law negligence by virtue of the general allegation in her petition. The opinion says: "When specific negligence is charged, such general allegations used in connection with the specific charge, do not admit of proof of negligence other than that specifically stated." This rule the plaintiff's counsel do not question, but insist that the averment of general

negligence in their petition is unconnected with the allegation of failure to guard the machine with screens and fenders as the two charges are separated by the phrase "and also in this," which shows they were intended to state distinct grounds of recovery. The purpose of the rule of pleading we have been commenting on is to introduce certainty into the charges of negligent conduct for which damages are demanded, in order that a defendant may know exactly the tortious acts he is accused of and meet the accusation with relevant evidence. The gravamen of the plaintiff's petition is that the machine which hurt him was dangerous because unguarded by screens and fenders, and so it would naturally be understood by a reader. The result to be attained by confining the right of recovery to those careless actions which a plaintiff sees fit to specify, would be hindered by saying a recovery may be had for other acts, should the evidence fail to prove those specified and the case break down as to them, provided the pleader makes both a general allegation of carelessness and a statement of particulars, and inserts between the two some phrase to separate them grammatically when they are connected logically by relating to an identical matter. As we have said, in this case both the general and the particular allegations go to the unsafe condition of the machine; and as there was one defect specified and no allegation as to the slippery treadle, a recovery could not be had because of the latter defect.

The court instructed that under the evidence it was not the duty of the defendant to equip the apparatus with screens and fenders and their absence afforded the plaintiff no cause of action. This ruling disposed of the case, both as to the common law and statutory charges of negligence because of the absence of safeguards, leaving no basis for a recovery except defendant's failure to instruct and warn the plaintiff. We will speak presently of the posture of the case in that

respect after the evidence was closed; but wish first to state another reason why the petition contains no adequate statement of a case of general negligence. The clause that is relied on for such a statement avers no more than that the machine on which plaintiff was put to work was not reasonably safe. Now, if that averment is to be treated as an attempt to state an independent ground of recovery, instead of being coupled with the definite act of negligence which is immediately averred, it is insufficient as a statement of a cause of action, for the reason that it is accompanied by no allegation that the defendant knew, or by ordinary care could have known, the machine was unsafe. The decisions are that such an allegation is essential in charging a cause of action against an employer for injury to an employee by a defective appliance; as the employer is innocent of negligence in letting the machine be out of repair, unless he knew, or by due care would have known, it ought to be repaired. [Current v. Railway, 86 Mo. 62; Crane v. Id., 87 Mo. 588; Johnson v. Id., 96 Mo. 340, 9 S. W. 790; Fisher v. Lead Co., 156 Mo. 479, 56 S. W. 1007; Duerst v. Stamping Co., 163 Mo. 607, 63 S. W. 827.] There is nothing stated in the petition before us which suggests that the defendant knew the machine was out of repair, or defective in any way except the absence of screens, so that the omission of an averment of knowledge of its bad order could be cured by verdict. [Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.]

It has been shown the plaintiff needed no instructions about operating the machine, and it is equally plain that he needed no warning about the danger. He swore to comprehending the danger, not only of his hand being crushed if he carelessly put it against the rollers, but of getting it caught between the rollers if his foot slipped from the treadle. Lack of appreciation of the risk can not be imputed to him without disregarding his reiterated assertions that he fully realized the haz-

ard to which he was exposed by the slippery treadle. He was more than eighteen years old when the accident occurred, of average intelligence for his age and his testimony on this point ought to be accepted as true. No issue should have been submitted to the jury as to whether the plaintiff knew of and appreciated the danger. [Herbert v. Mound City Shoe Co., 90 Mo. App. 305.]

The point is pressed that plaintiff should have been denied a recovery by the court because the imperfection of the treadle was obvious and known, and by continuing to use it he assumed the attendant risk. But there is testimony that the plaintiff complained, or at least told the foreman he had to use pieces of leather on the treadle to prevent his foot slipping off; whereupon, instead of the appliance being repaired, the plaintiff was reproved for the precaution he took. If he had said nothing to the foreman, his assumption of the risk might be urged as a court matter; but as he swore to adopting an expedient to obviate the danger and that he called attention to the fault of the treadle, the question of whether he assumed the risk was not to be taken from the jury. [Hough v. Railway Co., 100 U. S. 225; Railway v. McDade, 135 U. S. 554; St. Louis Cordage Co. v. Miller, 126 Fed. Rep. 495; Smith v. Baker, L. R. App. Cas. 325; Reichla v. Gruensfelder, 52 Mo. App. 43; Dean v. Woodenware Co., 106 Mo. App. 67, 80 S. W. Rep. 292.]

It is also contended that in continuing to use the treadle the plaintiff was guilty of negligence which contributed to his injury and the court should have thus ruled. Plainly the treadle's condition did not render using it so imminently perilous that a court can say a prudent boy of plaintiff's capacity and experience would not have incurred the risk, as it would have to say to defeat him on the ground of contributory negligence. [Adolff v. Columbia, etc., Co., 100 Mo. App. 199, 73 S. W. 321.]

We have been in doubt as to whether there was substantial evidence to show the treadle was not reasonably safe; but have concluded the plaintiff testified to enough to take that issue to the jury.

The judgment is reversed and the cause remanded. All concur.