CLYDE HEARON, a Minor, by LON HEARON, His Next Friend, Respondent, v. HIMMELBERGER-HRRI-SON LUMBER COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, May 3, 1921.

1. MASTER AND SERVANT: Failure to Instruct Minor Not Actionable, Where he Knows Danger and Where Omission is Not Proximate Cause of Injury. A minor cannot recover for damages sustained in operation of dangerous machinery on the ground that the employer was negligent in failing to instruct him as to the danger incident to the operation of the machinery, where the minor had knowledge of the danger, and where the employer's omission to warn was not the proximate cause of the injury.

2. ————: Failure to Warn Saw Operator of Danger Held Not Actionable; "Jump Cut-off Saw." A twenty year old cut-off saw operator, who had been employed in saw mills for eight years and in the mill in which he was injured for three years and who knew that the saw by which he was injured was called a "jump cut-off saw" because of its tendency to jump backward or rebound, could not recover for injuries sustained shortly after commencing to work on it on the theory that the employer did not warn him of danger incident to the operation thereof.

3. ————: Master Not Required to Warn Servant Knowing Danger. A master is not required to warn a servant of danger, where the servant is apprised of the peril, or where it is obvious and appreciated.

Appeal from Circuit Court of New Madrid County.—
*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*Oliver & Oliver for appellant.*

(1) This suit cannot be maintained by a next friend.
Clyde Hearon was twenty-two years old (less only seven
days) when the amended petition on which this cause
was tried was filed. (a) It is fundamental that no per-
son can maintain an action in respect to which he has no
right or interest. Baxter v. Baxter, 43 New Jersey, Equity
82. (b) The question here is not the same question
raised in those cases which hold that where appointment
of a next friend is alleged in the petition plaintiff is not
required to prove the appointment, unless defendant raises
the question by special demurrer or plea in abatement.
We are not questioning the fact of the appointment. But
plaintiff's proof showed too much—that he was not a
minor at all, but an adult practically twenty-two years
old when the petition on which the case was tried was
filed. (c) Next friends are appointed for infants, not
adults. Sec. 1165, R. S. 1919. (d) Suits must be main-
tained in the name of the real party in interest. Section
1155, R. S. 1919. (e) "The question as to who may
maintain an action is a matter of law, and not subject
to be controlled by the private conventions of the parties."
1 Corpus Juris, 982; Markey v. Coal Co., 178 Fed. 881.
(f) Clyde Hearon had the right to come in and sue as
an adult, but he has not done so—has not availed himself
of that right. Robinson v. Hood, 67 Mo. 660. (g) The
defendant assailed the right of the next friend to main-
tain this suit at every possible opportunity. 1st. By de-
murrer. 2d. By answer 3d. By objection at beginning
of trial before the introduction of any testimony,
specifically calling attention of the court and plaintiff's
counsel to the fact that there was a defect of party plain-
tiff. 4th. By demurrer at the close of plaintiff's case.

Until this time there was nothing of record showing that Clyde Hearon was then an adult twenty-two years old. 5th. By demurrer at the close of the whole case. 6th. By motion for new trial. Paragraph seven of motion for new trial specifically called attention to the court's error in permitting Lon Hearon to maintain this suit as next friend, Clyde Hearon being of age. 7th. By motion in arrest. (h) In support of appellant's position we quote from other cases as follows: "When the action was commenced, W. C. Ricord, to whom alone the cause of action stated in the complaint belonged, was a minor. This being so, the suit was properly brought in the name of E. E. Ricord, his mother and guardian. At the time of the trial he had attained his majority, and, upon his motion, he was joined with his mother as a party plaintiff. This, we think, was error. It would have been proper to substitute him as the sole plaintiff in her place, but since they had no joint interest in the cause of action, they could not be united as plaintiffs." E. E. Ricord, Guardian of W. C. Ricord, a Minor, v. C. P. R. R. Co., 15 Nev. 167, 175. "It is said that we should presume that the infant had arrived at majority before the entry of judgment against him. We think not. The *prochein ami's* name is still continued in the proceedings. Had the infant become of age the fact should have been entered upon the record at the happening of the event, and the cause afterwards been conducted by the plaintiff or his attorney without the use of the next friend. The judgment is reversed with costs." Holmes, by next friend, v. Adkins, 2 Ind. 398, 399. "When a minor by next friend is one of the complainants, and pending the action the minor becomes of age, the name of the next friend may be stricken by amendment, and the cause proceed." Lasseter v. Simpson, 78 Ga. 61, 65. "The authority of a solicitor, or guardian *ad litem*, or next friend of an infant defendant to represent the infant, in the conduct of the cause, expires with the minority of the infant." Lang v. Belloff, 53 N. J. Eq. 298, quotation from syllabus. "Appellee, Emma Cunningham being an infant under the age of twenty-one years when the action was

brought, had the right to sue by her next friend, and the defendant having filed his answer and gone to trial without excepting, it is now too late to object that the action was prosecuted by her next friend after she arrived at full age, or that he failed to show his right to sue as required by Sec. 37, Civil Code." Bramel v. Cunningham, by next friend, 3 Ky. L. Rep. 512. "As the plaintiff had become of age since the commencement of the action the proper method of procedure was to strike from the complaint the allegation as to his non-age and the appointment of a guardian *ad litem* and continue the cause in his own name." Seigler v. Southern Ry. Co., 67 Atl. 296. (2) The plaintiff must recover, if at all, upon proof of the specific acts of negligence alleged in his petition. Henneker v. Beetz, 217 S. W. 533; Waldhier v. Railroad, 71 Mo. 514; McCarty v. Rood Hotel Co., 144 Mo. 397, 402; McManamee v. Railroad, 135 Mo. 440, 447. (3) An employee does not assume risks caused by his employer's negligence, but he does "assume the risks which are liable to happen on account of the nature of the employment when the employer has used reasonable care to avoid that result." Powers v. Loose-Wiles Co., 195 Mo. App. 430; Whelan v. Zinc & Chemical Co., 188 Mo. App. 603-4; Oxford v. Dudley, 217 S. W. 607, 608; Kaemmerer v. St. Louis Axle Co., 196 S. W. 439, 442-3; Roberts v. Mo. & Kan. Telephone Co., 166 Mo. 370, 378.

*S. J. Smalley* and *H. C. Riley, Jr.* for respondent.

(1) Defendant's duty to warn plaintiff, an inexperienced employee, of the danger concededly known to it was an absolute duty. Seals v. Whiting, 130 Mo. App. 420; Saller v. Shoe Co., 130 Mo. App. 712; Jackson v. Butler, 249 Mo. 373; Anderson v. Terminal Ry. Co., 161 Mo. 424; Thompson v. Railroad, 93 Mo. App. 548; Reisert v. Williams, 51 Mo. App. 13; Bromley v. Smith, 12 Mo. App. 594; Czernick v. Ehrlict, 212 Mo. 395; Spencer v. Brunner, 126 Mo. App. 104; Bokamp v. Railroad, 123 Mo. App. 286; Dowling v. Allen, 102 Mo. 213. (2) Plaintiff's earning capacity has

been greatly and permanently impaired. He lost off his right hand the forefinger at the knuckle joint, the middle finger between the knuckle joint and hand, and the whole of the third or ring finger. He now has very little gripping and holding power left in his right hand, only the thumb and little finger remain. He is a young man now twenty-two years old and has no other way to earn his living than by manual labor. He has been maimed for life, the inconvenience aside from labor, the embarrassment and humiliation which occur every day as well as the pain and suffering he has endured count for much. The sum of five thousand dollars is not excessive. Parker v. Railroad, 164 Mo. App. 31; Oborn v. Nelson, 141 Mo. App. 428; Saller v. Shoe Co., 130 Mo. App. 712; Montgomery v. Shoe Co., 217 S. W. 867.

FARRINGTON, J. —The plaintiff recovered a judgment against defendant in a suit by his father, Lon Hearon, his next friend, on a charge of negligence on the defendant's part, alleging that he was a minor and inexperienced in the work at which defendant set him to do; that he was placed by defendant at the work of operating a dangerous machine in its mill which was known as a cut-off saw, and that the defendant knew that in operating the saw it had a tendency to jump or rebound, which fact was not known to the plaintiff, and that by reason of his being inexperienced and without warning of said danger three of his fingers were severed in the operation of the machine.

This the second appeal in the case, the first appeal will be found reported in Hearon v. Himmelberger-Harrison Lbr. Co., 224 S. W. 67, to which we here refer for the facts concerning a description of the jump saw machine being used by the plaintiff at the time of his injury.

When the case was here on the first appeal, the judgment was reversed because of a failure to show any negligence on defendant's part in the charge that certain springs had become defective and that the machine was

out of repair. The cause was remanded by a majority of the court on the thory that plaintiff might be able to make a case against defendant for being put to work at a dangerous machine when inexperienced and without having been warned of the danger and the manner of avoiding injury by reason of such danger; and when the case was retried it was submitted to the jury solely on this theory, there being no submission concerning any defect in the machine.

Appellant again contends that the trial court should have sustained a demurrer to the evidence because of a failure to make out a case on this charge of negligence, and in this contention we are convinced the appellant is correct. It is the well settled law of this State that in an action by a minor for damages sustained by reason of the operation of dangerous machinery, he cannot recover on a charge of negligence if the defendant omitted to instruct him of the danger incident to the operation of the machine where he already had knowledge of the danger, and where defendant's omission to warn under such circumstances is not proximate cause of the injury. This rule applies in case where the dangerous machinery is perfectly apparent and known to the operator, and is of such a character as those only of immature age would not appreciate the danger of being caught or struck in case they came in contract with such dangerous machinery. [See Stegmann v. Gerber, 146 Mo. App. 104, 123 S. W. 1041.]

A warning is never required from a master to a servant when the servant is apprised of the peril or where it is obvious and appreciated, and this because the law does not require a useless thing to be done. [See Herbert v. Mound City Boot & Shoe Co., 90 Mo. App. 305; Nugent v. Kauffman Milling Company, 131 Mo. 241, 33 S. W. 428; Mueller v. La Prella Shoe Co., 109 Mo. App. 506, 84 S. W. 1010; Blair v. Heibel, 103 Mo. App. 621, 77 S. W. 1017.]

With this principle of law in mind, we will turn to plaintiff's testimony and see whether from his statement he has made good the only charge of negligence relied up-

on to sustain this verdict, that is, a failure on defendant's part to warn him of the dangers incident to operating this saw. He testifies that at the time he was hurt he was 20 years of age, had worked in a saw mill like this for about 8 years, and had worked in this particular mill for 3 years; that his work had been principally running a planer, which was about 50 feet from the jump saw machine. On direct examination, he stated: "I had operated that cut-off or jump saw about twice a few minutes at a time before I got my hand hurt." On cross-examination, however, he makes the following statement: "I had operated this saw a few times before the day I got hurt, sometimes half a day at a time or may be an hour. Q. What do you call that saw? A. Jump cut-off saw. Q. Why do you call it that? A. That's what they all call it, been calling it that ever since I have been there. Q. What do you mean by they—they all call it that; do you mean the men that worked at the plant? A. Yes, sir; the men working at the plant; They were calling it that three years ago when I started there and have continued to call it that. It is so called because it rebounds. I had operated the saw before. My regular place in the mill was about fifty feet from this saw."

Further quoting his testimony, he said: "Practically everybody in the mill called it a jump cut-off saw and we called it that because it would jump back or rebound. The treadle was a foot treadle and it was underneath the saw and protruded out from the edge of the table about a foot."

In this case, we have a man who is practically grown, who had had eight years experience in saw mills, with three years in this mill very near the saw on which he was working when hurt, and an admission by him that he had worked this saw before the time he was hurt and knew that in its operation it tended to jump back or rebound, and had known this for three years, as the men called it that because of its tendency to do so ever since he had worked there. His charge of negligence is that he was in ignorance of this tendency and that the defendant was negligent in failing to warn him concerning it. His own

testimony disproves the charge upon which he attempts to fasten liability.

As stated before, the plaintiff on the first appeal in this case failed to show that the saw rebounded because of any defect in the machinery occasioned by defendant's negligence, and in this case there is no attempt to hold liability on that account. All the testimony shows that when this saw is allowed to go back hard it will rebound, but that if it goes back into the protecting hood and stops, that it will stay there. Concerning this matter, the plaintiff says: "When the saw goes back to its protecting hood and stops, it stays there, but if it hits the cushion spring hard it will rebound. *The saw was back in its hood stopped and still when I started pulling this board across.* (Italics ours). He further testifies that at the time this saw rebounded and cut his hand his foot was off the treadle and on the floor. If his testimony on this point is to be taken as true, and he certainly is bound by it, the rebound could not have come on the occasion that cut his hand because of the fact that the saw had been allowed to go back into the hood too hard, for he says in his testimony, which we have italicised, that at the time he put his hand across the path that the saw would travel that it was back in its hood stopped and still.

We must, therefore, hold that the failure to warn plaintiff that this saw had a tendency to rebound in its operation cannot be held as the negligent cause of this injury, because he already knew what he said the defendant should have warned him about. The saw was at all times before his eyes, and for a man shown to have had his experience in mills, and to have attained his age and understanding, it was certainly not incumbent upon defendant to warn him that if his hand came in contract with this saw it would injure him. This saw rebounded on the day he was hurt from some cause which has not been shown according to plaintiff's testimony, because in the first trial he failed to show that it was in negligent repair, and in this trial his testimony, as set forth, shows that at the time it rebounded it came from the hood without warning

after his foot was off the treadle, and after it was stopped and still.

The plaintiff has failed to prove the negligence charged in the petition. The judgment will be reversed.

*Cox, P. J.,* and *Bradley, J.,* concur.