Elio Ziraldo, Appellee, v. W. J. Lynch Company, Appellant.

Gen. No. 37,903.

Opinion filed February 19, 1936.

ROBERTSON, CROWE & SPENCE, of Chicago, for appellant; EUGENE P. KEALY, of Chicago, of counsel.

CASSELS, POTTER & BENTLEY, of Chicago, for appellee; RALPH F. POTTER, LESLIE H. VOGEL and E. DOUGLAS SCHWANTES, all of Chicago, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

This is an appeal by defendant from a judgment of the superior court of Cook county for $5,000, entered in a suit against defendant, in which it is claimed that plaintiff suffered severe injuries as a result of defendant's negligence. The accident upon which the claim is based occurred in the City of St. Louis, Missouri, on October 23, 1929. The trial was before a jury, which returned a verdict in favor of plaintiff for the amount mentioned.

Defendant, as general contractor, was engaged in the construction of a hospital building in the City of

St. Louis, to be known as the DePaul Hospital, and at the time of the accident, plaintiff was employed as a helper by the Art Mosaic & Tile Co., of Toledo, Ohio, a subcontractor, doing the mosaic and tile work in the building referred to.

The record indicates that at the time plaintiff suffered the injuries complained of, he and two other men were working together on the third floor of the building in question, under the direction of plaintiff's immediate employer, in loading a heavy machine onto one of two elevators which had been built outside of, immediately adjacent to, and connected through a window, by an inclined runway, with the main structure of the building for the purpose of use in connection with the delivery of materials, and for other purposes in and about the construction of the building; that these two elevators ran in shafts, which were immediately adjacent to each other; that the loading operation in which the plaintiff was engaged was in connection with the elevator, which was then standing at the third floor of the building; that there were gates at each elevator at each floor to prevent access, when closed, to either of the elevator shafts when the elevators were not at the floor at which they might be used; that the work in which plaintiff was engaged was in connection with the west of the two elevators; that the gate to the east elevator shaft was not then closed, and that this condition was obvious. It is further shown that while plaintiff was thus engaged with the other two men in the arduous task of hauling up an inclined runway and loading this heavy machine upon the westerly of these two elevators, he inadvertently leaned towards and into the east of such shafts, because of the fact that the gate there was not closed so as to prevent him from so doing, and that while so engaged, the elevator in this shaft, without any notice or warning to plaintiff, suddenly descended, and that he was thereby struck and thrown into this ele-

vator shaft and suffered the severe injuries of which he complains. At the close of plaintiff's evidence, and at the close of all the evidence, defendant moved the court to direct the jury to find defendant not guilty.

There is no question raised as to the extent of plaintiff's injuries, as to the amount of the verdict and judgment, nor as to how the accident occurred. It is insisted by the defendant, however, that no duty rested upon it to warn the plaintiff of the danger which was obvious to anyone who might observe, that plaintiff was guilty of contributory negligence, as a matter of law, and that defendant was guilty of no negligence in the premises.

In *Lovenguth v. City of Bloomington*, 71 Ill. 238, the plaintiff, 18 years of age, was employed in the shops of the Chicago and Alton Railroad, and in passing to and from his place of employment he was obliged to pass over a defective sidewalk, and in doing so, he stepped upon a loose board, fell and fractured a bone of his ankle. On a trial before a jury, a verdict of not guilty as to the City of Bloomington was returned. On appeal, the plaintiff assigned as error the order of the court overruling his motion for a new trial, and in giving to the jury certain instructions in behalf of the defendant. In its opinion, the court said:

"It appears that this injured party was familiar with this sidewalk and its defects. He knew it was dangerous. Another sidewalk, in good repair and safe, was provided by the city, and if he chose to pass over the dangerous walk, he should have done so in a careful and guarded manner; but this, it appears, he did not do, but in a hasty, reckless manner, went jumping from one board to another, until he fell, and received the injury."

In *Beidler v. Branshaw*, 200 Ill. 425, the defendant Beidler owned a building in the downtown business portion of Chicago, five stories in height, with a basement which was occupied by tenants. At the rear of

the building was located an elevator shaft operated by Beidler for the use of his tenants. The elevator ran in a brick shaft in which there were six doors, one for each floor and one for the basement. The door at which plaintiff was injured opened and closed by sliding up and down in a recess in the wall. A lintel, or iron slab, extended into the elevator shaft about 8 inches, and on the inside of the elevator which passed this lintel there were no sides to the elevator, and as the car passed up and down in the shaft, the elevator came within 1½ inches of this slab, or lintel, which extended into the elevator shaft. The accident, out of which the action grew, caused the death of the plaintiff's intestate. In that case, he had been in the employ of one of the tenants of the owner of the building. Upon the day of the accident, the plaintiff's intestate got upon the elevator with a truck on which was loaded a package of paper and paper boxes. The truck occupied a major portion of the area of the platform of the elevator. The plaintiff's intestate occupied a position on the platform near the truck, and as the elevator proceeded upward, his heel was caught between the edge of the elevator and the iron slab, or lintel, described, and his foot was badly crushed. Blood poisoning followed amputation, from the effects of which plaintiff's intestate died. On the trial before a jury, a verdict was returned in favor of plaintiff, on which judgment was entered, which judgment was affirmed by the Appellate Court and reversed by the Supreme Court. In its opinion the Supreme Court said that, in view of the fact that the plaintiff's intestate was familiar with the physical surroundings in connection with the elevator because of his having frequently ridden upon such elevator, and that "although it is true that the question of contributory negligence is ordinarily a question for the jury, yet when there is no conflict in the evidence and the court can clearly see that the injury was the result of the negligence of the party

injured, it should not hesitate to instruct the jury to return a verdict for the defendant. In *Lovenguth v. City of Bloomington,* 71 Ill. 238, it is said (p. 241): 'A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution.' In *Werk v. Illinois Steel Co.,* 154 Ill. 427, on page 432 the court says: 'While questions of negligence or of contributory negligence are ordinarily questions of fact, to be passed upon by a jury, yet when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict in opposition to it, the court may withdraw the case from the consideration of the jury and direct a verdict.'

"We are satisfied that the injury in this case was caused by the negligence of the deceased in standing so near the edge of the car that his heel was caught as the car passed the lintel in its ascent; that he knew the construction of the elevator shaft and that the car in its ascent passed within a short distance of the lintel, and that it was without rail or guard on that side; and that he thoughtlessly stood upon the car in such a position that his heel was caught between the car and the lintel as the car passed that point; and that his negligence was of such a character as to prevent a recovery, and that the trial court should have so instructed the jury."

In *Hearon v. Himmelberger-Harrison Lumber Co.,* 206 Mo. App. 463, the plaintiff was injured in connection with the operation of a revolving circular saw in the defendant's saw mill. It was charged that plaintiff's injury was due to the defendant's negligence in respect to the defective condition of the saw, and appliances connected therewith, by reason of which the saw unexpectedly rebounded against the plaintiff's hands while he was attempting to adjust a large board for sawing, to which defendant replied that the plaintiff was negligent in having his hand in line with the

action of the saw. The case was tried before a jury, which returned a verdict in favor of plaintiff, upon which verdict the judgment appealed from was entered. In reversing the judgment, the Missouri Court of Appeals said:

"A warning is never required from a master to a servant when the servant is apprised of the peril or where it is obvious and appreciated, and this because the law does not require a useless thing to be done. (See *Herbert v. Mound City Boot & Shoe Co.,* 90 Mo. App. 305; *Nugent v. Kauffman Milling Co.,* 131 Mo. 241, 33 S. W. 428; *Mueller v. La Prelle Shoe Co.,* 109 Mo. App. 506, 84 S. W. 1010; *Blair v. Heibel,* 103 Mo. App. 621, 77 S. W. 1017.) . . . His charge of negligence is that he was in ignorance of this tendency, and that the defendant was negligent in failing to warn him concerning it. His own testimony disproves the charge upon which he attempts to fasten liability." In that case plaintiff's own testimony was to the effect that the tendency of the saw in question was to jump, which tendency he alleged caused the injury. It was shown that this condition was entirely familiar to him. In spite of such familiarity with the operation of the saw, he continued in his work, and the court further there said:

"We must, therefore, hold that the failure to warn plaintiff that this saw had a tendency to rebound in its operation cannot be held as the negligent cause of this injury, because he already knew what he said the defendant should have warned him about. The saw was at all times before his eyes, and for a man shown to have had his experience in mills, and to have attained his age and understanding, it was certainly not incumbent upon defendant to warn him that if his hand came in contact with this saw it would injure him." See also *Herbert v. Mound City Boot & Shoe Co.,* 90 Mo. App. 305; and *Hirsch v. Freund Bros. Bread Co.,* 150 Mo. App. 162.

In *Butler v. Frazee,* 211 U. S. 459, which came to the Court of Appeals of the District of Columbia on a writ of error to the Supreme Court of the district, the injuries complained of by the plaintiff were incurred in connection with a mangle in the defendant's steam laundry. It was shown that the plaintiff was of mature years, was entirely familiar with the machine in question, and that the conditions surrounding it were perfectly obvious to any one. In reversing the judgment, the court said:

"The plaintiff was a person of mature years, intelligent and of adequate experience. She had worked for some months upon this particular machine and during that time it was always in exactly the same condition in which it was upon the day of the injury. The elements out of which the danger arose were plainly visible to her. The employer had no duty, statutory or otherwise, to use a rail to guard against so obvious a danger as that arising out of two cylinders in contact with each other and seen to be revolving inwardly. *Hickey v. Taafe,* 105 N. Y. 26. . . . She must have understood that if her hand became inextricably entangled with the clothes, as seems . . . was the case here, it would be drawn between the cylinder and receive the injuries which unhappily occurred. We think it must be said, as a matter of law, that she voluntarily assumed the risk of the danger. *Tuttle v. Detroit, etc., R. Co.,* 122 U. S. 189; *Crowley v. Pacific Mills,* 148 Mass. 228; *Gleason v. New York & N. E. R. Co.,* 159 Mass. 68; *Connolly v. Eldredge,* 160 Mass. 566; *Lemoine v. Aldrich,* 177 Mass. 89; *Burke v. Davis,* 191 Mass. 20."

In the instant case, from the undisputed testimony in the record, we can arrive at no other conclusion than that the plaintiff was guilty of contributory negligence when he placed himself in the position which he occupied when he received the injury complained of. It was perfectly obvious to him, as it would be to anyone, that the gate to this elevator shaft into which

he leaned was not in place, and that if he leaned into this shaft, which was entirely separate from the shaft in which the elevator was, upon which he was loading the machinery, he might be injured. We are of the opinion that the court was in error in refusing to instruct the jury to find the defendant not guilty. Therefore, the judgment is reversed.

*Reversed.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.